Award reversed and matter remitted to the State Industrial Board.

In the Matter of the Claim of JOHN E. SPRINGER, Appellant, against JOHN H. VAN DORN, Employer, and EAGLE INDEMNITY COMPANY, Insurance Carrier Respondents.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, May 13, 1936.

*Boyle & Lynch* [*James P. Boyle* of counsel], for the appellant.

*Ireland & Cohen* [*William E. Lyons* of counsel], for the respondents.

*John J. Bennett, Jr., Attorney-General,* for the State Industrial Board.

RHODES, J. The Board has found that on January 27, 1927, while claimant was engaged in the regular course of his employment he was kicked by a horse, and as a result was caused to sustain a fracture of the right fibula, which disabled him to December 13, 1928, on which latter date disability ceased, and for which disability awards were made and paid; that " thereafter the claimant alleged that he is still disabled as a result of the accident in that he is suffering from a right hemiplegia." The findings of the Board are that the hemiplegia and resulting disability from which the claimant is suffering, are not due to nor the result of said accident.

An award previously made December 2, 1932, for the disability arising from said hemiplegia was rescinded by the decision appealed from. There had been numerous hearings and the question as to the causal relation between the accident and the hemiplegia was sharply contested and the medical testimony was conflicting.

At a hearing held May 25, 1933, pursuant to a request by the carrier for a review, such carrier requested that the medical testimony be submitted to Dr. Lewy for an opinion, and the referee announced that he would grant such request, to which the attorney for the claimant objected. The referee stated relative to the opinion which was to be obtained from Dr. Lewy: " I want to assure you, I am not necessarily bound by his opinion. * * * I will have this folder sent to me in New York in due course, and he wants me simply to have Dr. Lewy look over the record and there is nothing objectionable in it. I might do it anyway. It does not prejudice your rights one iota. If he came and asked for new testimony or something of a cumulative nature, or something available up to this time, I might deny his application. He is not asking anything unreasonable here, and, of course, I am not bound by it."

Thereafter, and on September 7, 1933, the referee wrote to Dr. Lewy requesting him to review the medical evidence, and furnish him with a written opinion as to whether the claimant's accident was the competent producing cause of a right hemiplegia, in response to which such a written opinion was furnished by Dr. Lewy under date of September 18, 1933, in which he stated that he found no relationship between the hemiplegia and the injury.

Again, under date of January 12, 1934, the referee wrote to Dr. Lewy, requesting him to review his previous memorandum of September 18, 1933, as well as the testimony of Dr. William J. Swart, taken at the hearing November 13, 1933, " and furnish me with your written opinion as to whether the claimant's accident of January 27, 1927, was the competent producing cause of a right hemiplegia." In response to this letter Dr. Lewy furnished a written opinion dated January 19, 1934, in which he stated, " I do not reverse my opinion dated September 18, 1933." These papers appear in the record.

The appellant raises the point that said written opinions of Dr. Lewy are not evidence; that there was no opportunity to cross-examine the doctor on either of these reports, and that they should not have been considered.

We think the objection is well taken. The referee must have considered these opinions as of evidentiary value, for it was pursuant to his request that they were furnished, and they are now incorporated in the record. The appellant was entitled to an opportunity to cross-examine the doctor in view of this situation. (See *Jack* v. *Morrow Mfg. Co.*, 194 App. Div. 565; *Stimal* v. *Jewett & Co.*, 198 id. 427.)

The appellant also claims that the employer and carrier have waived the right to deny causal relation between the accident and hemiplegia because the original award for the fracture of the leg .was paid without question. But such payment was for disability up to December 13, 1928. It does not appear that claimant made any assertion that the hemiplegia was the result of the accident until long after the payment of the award for the fracture.

Because of the irregularity in the reception of the opinions of Dr. Lewy, without opportunity on the part of claimant to cross-examine the doctor, the decision of the Board should be reversed and the matter remitted for further consideration, with costs to the claimant against the employer and the insurance carrier.

HILL, P. J., McNAMEE, BLISS and HEFFERNAN, JJ., concur.

Decision reversed and claim remitted, with costs to the claimant against employer and the insurance carrier.