In the Matter of the Claim of ALLAN BEACH, Respondent, against WALLACE H. RICH & SONS et al., Appellants, and AETNA CASUALTY AND SURETY COMPANY, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Claimant suffered at least three separate accidents while working for the same employer. All three consisted of back strain while lifting or working·in an awkward position and occurred on December 17, 1948, August 17, 1951 and August 4, 1952, respectively. The Century Indemnity Company, the appellant-carrier, was not on the risk at the time of the third accident on August 4, 1952. Appellants contend that claimant's disability after the 1952 accident was in no way related to the two prior accidents. There is substantial evidence in the record to support this view. There is also medical evidence that all three accidents contributed to claimant's disability subsequent to the last accident, and the board has found that all three accidents contributed equally to the disability. One Dr. Bosworth examined claimant in September, 1954, and received a history of two additional accidents, making a total of five. Apparently claimant went to Dr. Bosworth on his own initiative. Sometime prior to a hearing held on November 24, 1954, at Cooperstown, where the case had been sent for the sole purpose of taking the testimony of another doctor, Dr. Bosworth's report was placed in the board's file. How it got there is not clear from the record. Appellants' counsel took exception at the Cooperstown hearing to the report being accepted, and no ruling was made. The next hearing was in January, 1955, at Albany, where the case had been sent for the specific and sole purpose of taking the testimony of Dr. Forster. The referee there declined to accept Dr. Bosworth's report, stating, in substance, that he knew nothing about the case; that the matter should be determined at Binghamton, and that all he was going to do was add Dr. Forster's testimony to the minutes and return the case to Binghamton. At the final hearing held on February 28, 1955, in Oneonta, appellants requested the opportunity to cross-examine Dr. Bosworth. The referee declined the request, stating that it should have been made at the Albany hearing. Under the circumstances appellants did everything which could reasonably be done without undue delay to either have Dr. Bosworth's report excluded from consideration or to have an opportunity to cross-examine him. Because the various referees thought the question should be handled somewhere else is not appellants' fault, and we think they were unreasonably deprived of a substantial right and were prejudiced thereby. Dr. Bosworth stated in his report that: "I would believe that his present condition was related to the accident of 1948, with a lacerated disc at that time gradually developing the herniation and laceration of disc substance now present." This is perhaps the strongest evidence in the record that the 1948 accident contributed to claimant's subsequent disability. The report was considered by the referee because he specifically referred to it in his decision. Appellants should be afforded an opportunity to cross-examine Dr. Bosworth. Decision and award reversed, with costs to appellants against the Workmen's Compensation Board, and the matter remitted to the Workmen's Compensation Board for proceedings not inconsistent herewith. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.