■ In the Matter of the Claim of ANNE RADOS, Respondent, v. WOODLAWN WATER SUPPLY DISTRICT et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeals by the employer and its insurance carrier and by the Special Fund for Reopened Cases from a decision of the Workmen's Compensation Board awarding the claimant death benefits and apportioning liability therefrom equally between the carrier and the Fund, by the employer and its carrier from a supplemental decision fixing the present value of their

half of the award and by the Fund from a decision denying an application for reconsideration. On December 14, 1964 decedent, a fire policeman, died as the result of a coronary thrombosis suffered while directing traffic at the scene of an automobile collision. Decedent had a long history of heart disease. On May 10, 1954 he suffered a coronary thrombosis while acting as a volunteer fireman which was found compensable, but no compensation was awarded since decedent sustained no loss of earnings. Thereafter, between May of 1957 and September of 1961 decedent suffered four noncompensable heart attacks. Shortly after the September, 1961 attack, decedent submitted an application to reopen his claim, supported by a medical report of changed condition. The board granted the application to reopen, giving notice to the Special Fund since the claim was made more than seven years after the accident (Workmen's Compensation Law, § 25-a). Testimony developed following the reopening disclosed that the decedent still had suffered no loss of earnings and on May 9, 1962 the attorney for the Special Fund agreed to a decision discharging the fire district's carrier from liability after November 22, 1961 [the date decedent had filed his application to reopen] and charging the Fund with responsibility for medical treatment after that date. In accordance with this agreement, the Referee, by decision dated May 16, 1962, discharged the carrier from liability and continued the case " pending termination of treatments ". Following the fatal heart attack of December, 1964 the instant claim for death benefits was filed. On this appeal the issues of accident and causal relationship raised before the board are conceded (see Workmen's Compensation Law, § 2, subd. 7; Volunteer Firemen's Benefit Law, § 6; *Matter of Sullivan* v. *Delphi Falls Fire Co.*, 29 A D 2d 584). The initial issue raised by the appellants is the correctness of the board's decision that the award for death benefits should be apportioned equally between the present carrier responsible for the 1964 attack and the Special Fund since it was responsible for the 1954 attack. Appellants urge that instead the award should be charged equally against all six heart attacks, not just against the first and last. Clearly, the board, if it found the medical testimony to so warrant, could have apportioned the award against all six attacks (*Matter of Engle* v. *Niagara Mohawk Power Corp.*, 6 N Y 2d 449) but, of course, the board might also, again assuming the medical testimony so warranted, have charged the entire award against just the first or just the last attack (*Matter of Mattioli* v. *Jasco Tools*, 29 A D 2d 1013). These decisions would be factual and if supported by substantial evidence would have to be affirmed. The question here, accordingly, is whether there is substantial evidence to support the board's decision that decedent's death resulted from both the 1954 and 1964 heart attacks, but not from the intervening attacks. Of course, the fact that the first and last attacks were the only compensable accidents would not automatically prevent apportionment also against the nonoccupational injuries (cf., *Matter of Putnam* v. *Harrison Radiator Div., Gen. Motors Corp.*, 12 A D 2d 543). Looking at the instant record Dr. Yellen clearly found a causal relationship between all six attacks and decedent's death and in addition the testimony of Dr. Goldstein would support a finding of causal relationship as to just the last attack. Thus there is clearly substantial evidence to support the board's finding that both the first and last attack contributed to decedent's death and since we cannot say that the board could not accept so much of Dr. Yellen's testimony as covered the first and last attacks and at the same time reject his testimony as to the causal relationship of the four intervening attacks, particularly so in the light of the opinions expressed by Dr. Kohn and Dr. Collins, the board's decision must be upheld.

Decisions affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Aulisi and Greenblott, JJ., concur in memorandum by Reynolds, J.