In the Matter of the Claim of JOHN LONGIARU, Respondent, v. BRENNAN & SLOAN, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— GREENBLOTT, J. Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board, filed February 19, 1968, which held appellant carrier liable for claimant's surgery and treatment required to repair an injury to the left knee, and for compensation payments for 26 weeks of total disability and 3⅕ weeks of partial disability. Appellant contends that the awards should have been apportioned between the accident here in issue and one nonindustrial accident prior thereto. On May 11, 1965 respondent was injured in the course of his employment as a carpenter when he slipped and fell, injuring his left knee. Respondent had injured the same knee approximately two years before. The attending physician diagnosed the injury as "probable torn medial meniscus left knee." He recommended surgical repair of the condition. Thereafter, on March 21, 1966, an operation was performed on respondent's left knee. A second operation was performed on October 6, 1966. Respondent returned to work April 20, 1967. The attending physician testified that the two operations were "for the related conditions sustained May 11, 1965." While the carrier's medical expert was anxious to apportion liability between this accident and the prior one, he was forced to admit that the respondent had a "good recovery since 1963." He also admitted that respondent's condition following the May 11, 1965 accident "is certainly a condition you cannot differentiate from the accident." Clearly, the board, if it found the medical testimony to so warrant, could have apportioned the award against both injuries. Looking at the instant record, both doctors clearly found a causal relationship between the May 11, 1965 accident and respondent's subsequent condition. Thus, there is substantial evidence to support the board's finding as to causation. We cannot say that the board could not accept so much of the clear and uncontradicted medical testimony that related to the 1965 accident and reject the somewhat equivocal testimony relating to the prior accident. (See *Matter of Rados* v. *Woodlawn Water Supply Dist.*, 31 A D 2d 879.) Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Aulisi and Greenblott, JJ., concur in memorandum by Greenblott, J.