## (October 27, 1971)

■ In the Matter of the Claim of HERSCHEL H. COOK, Appellant, v. MOHAWK AIRLINES, INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the claimant from a decision of the Workmen's Compensation Board holding that his disability subsequent to June 18, 1969 was not causally related to an industrial accident which occurred on April 25, 1966. The board's determination of no causal relationship is supported by the testimony of the impartial specialist, Dr. Ecker, and thus is based on substantial evidence. However, the Referee erred in not permitting claimant's counsel to adequately cross-examine Dr. Ecker. There is no question but that claimant was entitled to cross-examine the medical witnesses (*Matter of Ketcham* v. *Hotel Huntington*, 8 A D 2d 889, mod. 8 A D 2d 912; *Matter of Beach* v. *Rich & Sons*, 3 A D 2d 778; *Matter of Bozek* v. *Ferguson Co.*, 251 App. Div. 762; *Matter of Springer* v. *Van Dorn*, 247 App. Div. 436), and that includes physicians employed by the board (*Matter of Colluccio* v. *Hermark Knitwear Corp.*, 21 A D 2d 704). Accordingly, the decision should be reversed and the matter remanded to the Workmen's Compensation Board to afford claimant an opportunity to adequately cross-examine Dr. Ecker and for the board to then evaluate the case in light of such cross-examination. Decision reversed and matter remanded to the Workmen's Compensation Board for further proceedings not inconsistent herewith, with costs to appellant against the employer and carrier. Herlihy, P. J., Reynolds, Aulisi, Staley, Jr., and Sweeney, JJ., concur.

■ JUNE M. PERINA, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 53226; Action No. 1.) PAUL J. ASHER, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 53227; Action No. 2.) EDWARD S. PERINA, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 53228; Action No. 3.) — Appeal from an order of the Court of Claims, entered February 9, 1971, which denied defendant's motion for an order directing that the above actions be tried together, without consolidation, and that the venue of Action No. 1 be changed to Albany County. The claim in Action No. 1 is founded upon the alleged tort of interfering in the contract between claimant and one John Wilson, and of causing the breach of said contract by said John Wilson. The claims in Actions Nos. 2 and 3 seek to recover damages by reason of alleged false arrests and malicious prosecution. CPLR 602 (subd. [a]) provides that the court may order a joint trial of actions involving a common question of law and fact. While the moving affidavit sufficiently establishes a common question of law and fact between Actions Nos. 2 and 3, nowhere does it allude to any common questions of law and fact between Actions Nos. 2 and 3 and Action No. 1. The order should, therefore, have been granted to the extent of directing a joint trial of Actions Nos. 2 and 3 and otherwise denied. (*Quittman* v. *Nemarow*, 31 A D 2d 543.) Order modified, on the law and the facts, so as to direct a joint trial of Actions Nos. 2 and 3, and, as so modified, affirmed, without costs. Reynolds, J. P., Staley, Jr., Cooke, Sweeney and Simons, JJ., concur.