■ In the Matter of the Claim of LOUIS CARBONARO, Respondent, v CHINATOWN SEA FOOD, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from decisions of the Workmen's Compensa-

tion Board, filed May 29, 1975 and November 28, 1975. Claimant sustained a back injury in 1947 for which he underwent operative intervention. The record indicates that after recovery the claimant did not have a medical disability or compensable disability and was asymptomatic. Claimant worked regularly thereafter until 1971 when he injured his back and again required operative intervention. The board, in its corrected decision, found the causally related disability attributable solely to the accident of 1971 and not to the accident of 1947, although the medical testimony in the record causally related both accidents to his present disability. The issue is whether there is substantial evidence to support the board's decision attributing the claimant's disability solely to the 1971 accident. The record herein reveals that the claimant was asymptomatic from his 1947 accident, that he worked regularly for over 24 years until his second accident and would support a finding that at the time of the 1971 accident the claimant did not then have a pre-existing compensable disability. *(Matter of Longiaru v Brennan & Sloan,* 32 AD2d 681; *Matter of Regan v Inter-City Cleaning Co.,* 14 AD2d 622.) Apportionment does not apply in cases in which the prior condition was not a disability in a compensation sense (2 Larson's Workmen's Compensation Law, § 59.20 *et seq.).* In addition, the board was free to accept or reject so much of the medical testimony as it found credible *(Matter of Rados v Woodlawn Water Supply Dist.,* 31 AD2d 879). In our view, the record provides substantial evidence to support the board's determination. Decisions affirmed, with costs to the Workmen's Compensation Board. Greenblott, J. P., Kane, Mahoney, Main and Larkin, JJ., concur.