■ In the Matter of the Claim of ERNESTINE WEBB, Respondent, v WESTERN ELECTRIC COMPANY, INC., Appellant, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKERS' COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workers' Compensation Board, filed December 30, 1975, as amended and corrected by decision filed October 7, 1977, which found claimant's disability commencing on December 22, 1972 was the result of an occupational disease, one third of which was related to an industrial accident of November 16, 1964, which was the responsibility of the fund for reopened cases under section 25-a of the Workers' Compensation Law. The claimant, Ernestine Webb, while employed by the Western Electric Company, Inc., on November 16, 1964, met with an industrial accident when she bent over to pick up a reel of wire. Later an award was made for the period from November 17, 1964 to March 29, 1965 and the case was continued. In early 1966 claimant fell and injured her back in a non-work-related accident. On March 7, 1967 the 1964 accident case was closed after a finding that claimant's disability from February 8, 1966 through April 28, 1966 was due to the nonindustrial accident. Claimant then resumed working for the employer. Subsequently, in November of 1972, it developed that Western Electric needed workers to do cotton winding. Claimant agreed to undertake that job with great reluctance because of the constant bending that was required to carry out the duties of that position. The following month, on December 22, 1972, she was forced to stop working because of severe pain in her back radiating to her left leg. Thereafter claimant was disabled and sought compensation for her back injury allegedly caused by the bending and lifting required in her work. Hearings were conducted on the claim, and on October 7, 1977 the board rendered an amended and corrected decision wherein it ultimately determined that "claimant in 1964 case No. 86431698 had a prior back condition for which she had surgery and the said condition thereafter was dormant and not disabling; that the claimant's work, (bending activity), in November and December, of 1972, caused an occupational disease disability commencing December 22, 1972, as a result of the activation of that prior condition; that she was predisposed to develop the occupation disease because of her prior back condition and history; that the asymptomatic underlying condition was aggravated so as to become symptomatic, by the employment; that the employment thus acted upon that disease or condition in such a manner as to cause a disability which did not previously exist; that the claimant's disability was an occupational disease and was causally related to the employment." The board further found that claimant's 1964 injury was the responsibility of the Special Fund under section 25-a of the Workers' Compensation Law, and apportioned liability for claimant's condition two thirds to Western Electric and one third to the Special Fund. On this appeal, Western Electric contends that it should be discharged from liability

to claimant because she suffered no disablement from an occupational disease on December 22, 1972. We agree. It is clear "that compensation is not payable for the aggravation of a previously active condition" *(Matter of Perez v Pearl-Wick Corp., 56 AD2d 239, 241)*, and an examination of the record in this case unquestionably establishes that claimant's condition was "active" in the years preceding her disablement in December, 1972 and not dormant as found by the board. During this time period, claimant required frequent medical attention for her back condition and often complained to her supervisors at work that her back bothered her. As noted above, she only agreed to become a cotton winder with great reluctance because of her bad back. Moreover, the board apparently based its decision upon an erroneous factual finding that claimant underwent successful back surgery following the 1964 injury when she actually had no back surgery until 1973. Under these circumstances, there is an absence of substantial evidence to support the imposition of liability for claimant's condition upon Western Electric and the board's decision to that effect cannot be sustained. Decision reversed, with costs to the appellant against the respondents filing briefs, and matter remitted for further proceedings not inconsistent herewith. Mahoney, P. J., Greenblott, Sweeney, Main and Larkin, JJ., concur.