■ In the Matter of the Claim of PAUL POLLARA, Respondent, v AIR FRANCE et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed June 19, 1980, which held that claimant's disability was due solely to a compensable accident which occurred on May 20, 1976 and was, therefore, not subject to apportionment. In 1953, while in the service of the United States Navy as a boiler tender, claimant suffered a back injury in the area of L4 and L5 which necessitated surgical intervention. Thereafter, following a brief period of recuperation and limited duty, he returned to full duty on December 2, 1953 and so remained until he was honorably discharged in 1955, at which time he commenced work as a truck driver which involved heavy lifting during the process of loading and unloading. He continued in this work until 1968 when he applied for a position with the appellant airline as a ramp service employee, a job requiring great physical exertion. After undergoing a thorough pre-employment physical exam during which the prospective employer was made fully aware of the details of the previous back surgery, the claimant was unconditionally hired. Save for a lumbosacral strain in March of 1973 which disabled claimant for a few weeks, he continued to work without other incident or disability until May 20, 1976. On that day, while pushing on a 900-pound box of freight, claimant experienced sharp back pain which radiated down his right leg. Claimant was out of work for some time and eventually, in November of 1976, a second laminectomy was performed at the same level as the 1953 operation. Thereafter, claimant was classified and conceded by all to be permanently partially disabled. The sole issue presented here is whether the board's finding that the claimant's disability is solely due to the accident of May 20, 1976, and, therefore, not subject to apportionment, is supported by substantial evidence. We hold that it is. The record discloses that claimant worked continually for a period of over 20 years in occupations that required constant and extreme physical exertion without back difficulty and was asymptomatic save for a lumbar strain on one occasion until the May 20, 1976 incident. Such a work record would support a finding that at the time of the 1976 injury claimant did not then have a pre-existing compensable disability (*Matter of Carbonaro v Chinatown Sea Food,* 55 AD2d 756; *Matter of Longaru v Brennan & Sloan,* 32 AD2d 681; *Matter of Regan v Inter-City Cleaning Co.,* 14 AD2d 622). Also, supportive of this finding is the testimony of Dr. Seaman who opined that claimant had no residual back disability as a result of the earlier incidents and that the back was restored to perfect condition as a result of the initial surgery. The board was free to accept or reject so much of the medical testimony as it found credible (*Matter of Currie v Town of Davenport,* 37 NY2d 472, 477; *Matter of Shedd v Parlor City Constr. Co.,* 37 AD2d 89; *Matter of Rados v Woodlawn Water Supply Dist.,* 31 AD2d 879). Moreover, it is well settled that a doctor's opinion will be considered

substantial and sufficient "notwithstanding some shortage of agreement within itself" *(Matter of Currie v Town of Davenport, supra,* p 477; *Matter of Carpenter v Sibley, Lindsay & Curr Co.,* 302 NY2d 304, 306). Apportionment does not apply in cases in which the prior condition was not a disability in a compensation sense (2 Larson, Workmen's Compensation Law, § 59.20 *et seq.).* The record provides substantial evidence to support the board's determination which, accordingly, must be affirmed. Decision affirmed, with costs to the Workers' Compensation Board. Sweeney, J. P., Kane, Mikoll and Yesawich, Jr., JJ., concur.