■ In the Matter of the Claim of JOSEPH KUCZKOWSKI, Respondent, v BETHLEHEM STEEL CORPORATION, Appellant. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed September 24, 1981. The board affirmed an award of benefits for a six-week period commencing January 16, 1978, when claimant underwent surgery for the repair of a right inguinal hernia and a left hydrocele. On this appeal, the employer contends that neither the hernia nor the hydrocele was caused by occupational activities and that both conditions were symptomatic many years prior to surgery. Claimant testified that although he had been aware of the conditions since the early 1960's, the conditions had not affected his ability to work until shortly before the surgery was performed. He also testified that during 12 years of the period following discovery of the conditions he had had

jobs involving lifting, pushing, pulling and other heavy labor. The medical evidence indicates that the conditions were insignificant when discovered. Indeed, the physician testified that the hernia was asymptomatic when he discovered it and that with a truss claimant was able to continue working. The medical expert was of the opinion that both the hernia and the hydrocele were aggravated by claimant's work activities over the years of his employment. Under these circumstances, there is substantial evidence to support the board's finding that claimant's disability on January 16, 1978 was a result of the aggravation of pre-existing conditions and that the aggravation was directly related to claimant's employment. Accordingly, there is a rational basis for the board's finding that claimant's disability resulted from an occupational disease (*Matter of Lopez v Hercules Corrugated Box Corp.*, 50 AD2d 1048). That the underlying conditions themselves were not work-related is irrelevant (see *Matter of Strouse v Village of Endicott,* 50 AD2d 635). Rather, the crucial factor is that claimant's employment activities acted on pre-existing conditions in such a manner as to cause disability which did not previously exist (*Matter of Smith v I.R. Equip. Corp.,* 60 AD2d 746, mot for lv to app den 44 NY2d 643). The employer's reliance upon *Matter of Webb v Western Elec. Co.* (64 AD2d 744) is misplaced. There, claimant's pre-existing condition required frequent medical attention and claimant often complained to her supervisor at work about her condition. Here, however, the proof shows that during the period preceding disablement, claimant's conditions neither required frequent medical attention nor interfered with claimant's ability to work. Finally, the employer's claim that the aggravation of claimant's condition was caused by his failure to wear his truss cannot serve as a basis for disturbing the board's decision. While the physician testified that claimant ultimately discarded the truss, claimant testified that he wore it most of the time, thereby raising a question of credibility for the board to resolve. The board's decision must be affirmed. Decision affirmed, with costs to the Workers' Compensation Board. Casey, Yesawich, Jr., and Weiss, JJ., concur.

Kane, J.P., and Levine, J., dissent and vote to reverse in the following memorandum by Kane, J.P. Kane, J.P. (dissenting). We are not persuaded that this record supports the board's finding of an occupational disease. First, the record clearly demonstrates that the hernia and hydrocele required treatment over a long period of years. They were symptomatic during the period prior to the ultimate surgery in January, 1978. This court has said on prior occasions that compensation is not payable for the aggravation of a previously active condition (*Matter of Webb v Western Elec. Co.,* 64 AD2d 744; *Matter of Perez v Pearl-Wick Corp.,* 56 AD2d 239, 241). Moreover, there is no proof that the condition described as an occupational disease is related to claimant's particular occupation as a normally expected, generally recognized hazard of his occupation (*Matter of Detenbeck v General Motors Corp.,* 309 NY 558; *Matter of Goldberg v 954 Marcy Corp.,* 276 NY 313). The decision should be reversed and the matter remitted to the Workers' Compensation Board for further proceedings not inconsistent herewith.