■ In the Matter of the Claim of GRAFTON HENDERSON, Respondent, v CAPITOL DAVIS JOINT VENTURE et al., Appellants, et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed December 7, 1982, as amended by a decision filed April 21, 1983, which ruled that claimant has a moderate causally related partial disability due solely to an accident of June 23, 1974 and that claimant's pre-existing arthritis was not a disabling condition and was asymptomatic. Claimant, a laborer, sustained compensable back injuries on March 9, 1956 and March 4, 1957. These cases were closed with awards and findings of no further disability. Claimant suffered another back injury on February 23, 1972 which was diagnosed as acute back strain. Claimant received no extensive treatment and made no claim for this injury. On June 23, 1974, claimant suffered another back injury which was subsequently diagnosed as a herniated disc and sciatica. Diagnostic X rays taken in 1965, 1967, 1972 and 1974 revealed mild degenerative osteoarthritis, but claimant was asymptomatic and continued at his laboring jobs until the accident of June 23, 1974. Claimant was totally disabled until August, 1975 and remains unable to return to work as a laborer. At hearings on claimant's case, five physicians testified as to claimant's disability. While two of the physicians testified that claimant's medical history revealed a degenerative osteoarthritis which, in their opinion, contributed to claimant's disability equally with the 1974 accident, two other physicians attributed claimant's disability solely to the accident of 1974. Only one physician testified that the accidents prior to 1974 could not be causally ruled out, but he suggested no apportionment as to those accidents. The administrative law judge apportioned the causal contribution for claimant's disability at one quarter for each accident. The board modified that decision finding that claimant's disability was due solely to the 1974 accident and that claimant's pre-existing osteoarthritis was asymptomatic and not disabling. This appeal by the employer and carrier ensued. We find substantial evidence in the record to support the board's determination and, therefore, affirm. The record reveals that although claimant's arthritis was noted prior to the 1974 accident, he was asymptomatic. He worked regularly for a period of almost 20 years as a heavy laborer which supports a finding that claimant did not have a pre-existing compensable injury at the time of the 1974 accident (*Matter of Pollara v Air France*, 83 AD2d 701; *Matter of Carbonaro v Chinatown Sea Food*, 55 AD2d 756). The board was free to accept or reject so much of the medical testimony as it found credible (*Matter of Currie v Town of Davenport*, 37 NY2d 472, 477; *Matter of Rados v Woodlawn Water Supply Dist.*, 31 AD2d 879). Apportionment does not apply in cases in which the prior condition was not a disability in a compensation sense (2 Larson, Workmen's Compensation Law, § 59.20 *et seq.*; see *Matter of Pollara v Air France, supra; Matter of Carbonaro v Chinatown Sea Food, supra*). The apportionment of an award presents a factual issue for the board as does the resolution of conflicting medical testimony (*Matter of Saba v Adam's Refrigerated Trucking,* 61 AD2d 858). Decisions affirmed, with costs to claimant. Mahoney, P. J., Sweeney, Kane, Mikoll and Levine, JJ., concur.