■ In the Matter of the Claim of DAVID McIVER, Respondent, v MOBIL OIL CORPORATION, Appellant. WORKERS' COMPENSATION BOARD, Respondent.—Mahoney, P. J. Appeal from a decision of the Workers' Compensation Board, filed May 16, 1984, which ruled that there was a causal connection between claimant's accident and his disability.

Claimant was employed by Mobil Oil Corporation as a mail clerk. He was injured at work on November 6, 1975 when he was struck on the right foot by a carton of paper. Claimant was initially treated by the company's physician, but the foot continued to be painful and claimant ceased work entirely on August 11, 1976. In December 1976, claimant was admitted to White Plains Hospital for the removal of a mass which had developed on his right foot. The mass was diagnosed as a synovial sarcoma, a type of cancer. Claimant was referred to Dr. Ralph C. Marcove, who performed a below-the-knee amputation of claimant's right leg.

Claimant filed a claim for compensation with the Workers' Compensation Board. Mobil denied that there was a causal connection between the 1975 injury and the subsequent development of cancer which resulted in the amputation of claimant's right leg. Hearings were held at which claimant produced two expert witnesses, Dr. Stephen O. Schwartz and Dr. Mario V. Bisordi, who both testified that there was a causal connection. Mobil introduced the testimony of Dr. Harold H. Sage, who testified that no causal relationship existed. Mobil had indicated that it would introduce the testimony of Marcove, claimant's treating physician. However, Mobil failed to call Marcove and claimant moved to strike from the record a letter of Marcove which expressed his opinion that there was no causal relationship between claimant's work-related injury and the cancer. Claimant's motion was granted.

As a result of the conflict in expert medical testimony, the Administrative Law Judge (ALJ) applied to the Board for the appointment of an impartial specialist. Dr. James R. Donaldson was appointed and, after reviewing the record, testified that there was no causal relationship. However, before Donaldson could be examined by Mobil, it was revealed that the

file he reviewed contained Marcove's letter which had been stricken from the record. Claimant then moved that another impartial specialist be appointed. The ALJ denied the motion and claimant appealed to the Board. The Board decided that another specialist should be appointed in the interest of justice and Dr. Lester M. Fox was appointed to review the file absent Marcove's letter. Subsequently, Fox submitted a report and testified that, in his opinion, there was a causal relationship between claimant's work-related injury and the subsequent sarcoma and resulting amputation. A majority of the Board concluded that a causal relationship existed. This appeal by Mobil ensued.

First, we find Mobil's contention that it was arbitrary for the Board to remove Marcove's letter from the record to be without merit. The ALJ's decision and the subsequent decision of the Board that Marcove's letter of June 17, 1977 be stricken from the record was based on the fact that Marcove was not going to testify. In *Matter of Beach v Rich & Sons* (3 AD2d 778), this court held that a report of an attending physician should not be received in evidence unless the opposing party is given a chance to cross-examine. Further, if Marcove's letter was essential to Mobil's defense, it had the power to subpoena him to insure his appearance and admission of his letter *(see,* Workers' Compensation Law § 119).

Next, we reject Mobil's argument that it was denied due process of law by the Board's decision to disqualify Donaldson, not consider his testimony or report, and not to allow him to be fully cross-examined. The opportunity to cross-examine an impartial specialist appointed by the Board is an important procedure to insure due process *(see, Matter of Cook v Mohawk Airlines,* 37 AD2d 882). Here, however, the testimony of the impartial specialist, Donaldson, was not considered because his opinion may have been prejudiced by Marcove's letter. Since the testimony was not going to be considered, neither was any cross-examination of Donaldson and, accordingly, there was no prejudice to Mobil.

The Board's decision is final on the facts and we are constrained to affirm where, as here, there is substantial evidence to support that decision.

Decision affirmed, with one bill of costs to claimant and the Workers' Compensation Board. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.