◼ In the Matter of the Claim of RAFFAELLA TURDO, Respondent, v NEW YORK CITY DEPARTMENT OF SANITATION, Appel-

lant. WORKERS' COMPENSATION BOARD, Respondent.—Mahoney, P. J. Appeal from a decision of the Workers' Compensation Board, filed December 5, 1984, which ruled that claimant's decedent sustained a causally related death and awarded benefits.

Claimant's decedent, Frank Turdo, was employed by the New York City Sanitation Department when, on April 21, 1980, he fell from a ladder while working in a Sanitation Department garage and suffered extensive injuries to his neck, right arm, shoulder and hand, ribs, back and left leg. Over the next year and eight months, the city contested Turdo's disability, need for continuing treatment and need for certain tests, in spite of his continuing provision of medical proof documenting his claims. Hearing officers of the Workers' Compensation Board ruled in favor of Turdo's continuing disability in several decisions, yet the city continued to resist paying disability benefits. On December 23, 1981, while still in litigation over his workers' compensation claim, Turdo suffered a heart attack and died.

Claimant filed a claim for death benefits on behalf of herself and her minor son. Turdo's doctor testified "with a reasonable degree of medical certainty" that Turdo's heart attack was causally related to stress and anxiety brought about by the city's conduct in challenging his compensation claim. The hearing officer found causally related death and this finding was affirmed by the Board. This appeal by the city ensued.

The Board's decision must be affirmed. The Board did not hold that, simply by contesting a workers' compensation claim, an employer opens itself up to liability for stress and anxiety-produced conditions suffered by a claimant. Rather, its decision was based on the facts of this case. Turdo's doctor testified that stress resulting from the city contesting the claim indirectly caused Turdo's death. Claimant testified that Turdo was under great stress because, due to his inability to obtain workers' compensation benefits, he was unsure of how he could support his family. Further, the Board found that the April 21, 1980 accident itself was a contributing factor to Turdo's death. In opposition, the city produced no expert testimony. It did produce a report of a doctor suggesting that Turdo's heart attack was caused by his preexisting diabetes condition. However, this doctor never examined Turdo, but simply reviewed his medical history. Further, this doctor was never called as a witness and subjected to cross-examination. Thus, his report is of questionable value (see, Matter of McIver

*v Mobil Oil Corp.,* 115 AD2d 879; *Matter of Beach v Rich & Sons,* 3 AD2d 778).

This case essentially involved an assessment of conflicting medical testimony, a matter for the Board to resolve *(see, Matter of Currie v Town of Davenport,* 37 NY2d 472, 476-477; *Matter of Yannon v New York Tel. Co.,* 86 AD2d 241, 243, *lv denied* 57 NY2d 726). Further, it was not unreasonable for the Board to conclude that the city was liable for the anxiety produced by its refusal to swiftly provide support for disabilities known to be compensable *(see, Matter of Rodriguez v New York Dock Co.,* 256 App Div 875, *lv denied* 280 NY 852). Since the Board's decision is supported by substantial evidence, it must be affirmed.

Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.