■ In the Matter of the Claim of JOHN ZANETTI, Respondent, v ORANGE & ROCKLAND UTILITIES, INC., Appellant. WORKERS' COMPENSATION BOARD, Respondent.—Weiss, J. Appeal from a decision of the Workers' Compensation Board, filed May 19, 1986.

Claimant, a meter reader, injured his right ankle on December 19, 1983 when he stepped into a hole while working. He returned to work a few days later but the condition worsened and, after one month, claimant was forced to stop working. On May 31, 1984, surgery to reconstruct the lateral ankle ligament was performed and certain bone fragments removed. Claimant's orthopedist testified that surgery was necessitated by the accident of December 19, 1983 and that had it not been for that accident, surgery would not have been necessary. The self-insured employer's orthopedist attributed only one third of the need for surgery to the December 19, 1983 accident and assigned the balance of causation to a prior fracture and surgical repair. The employer argued that claimant's disability should have been apportioned between the earlier noncompensable accidents and the instant work-related accident. The Workers' Compensation Board modified a decision of the Administrative Law Judge, which assigned one third of the

responsibility to the December 19, 1983 accident, holding "that based upon the entire record * * * claimant's surgery would not have been necessary had it not been for the accident of 12/19/83 and that claimant's entire disability is due to that accident". The employer has appealed.

The question before us is whether there is substantial evidence to support the Board's decision attributing claimant's disability solely to the December 19, 1983 accident. There is little dispute that the bone debris removed during surgery emanated from a preexisting condition. Specifically, claimant fractured his ankle in 1973 and twisted the same ankle in October 1983. That claimant sustained prior trauma, however, is not dispositive for the ultimate question is whether the employment affected this "condition in such a manner as to cause a disability which did not previously exist" *(Matter of Perez v Pearl-Wick Corp.,* 56 AD2d 239, 241; *see also, Matter of Pezzolanti v Green Bus Lines,* 114 AD2d 553; *Matter of Perrin v Baldwinsville VF Co.,* 114 AD2d 548). The record demonstrates that claimant was asymptomatic and actively employed prior to the December 19, 1983 accident and supports the Board's determination that claimant did not have a preexisting compensable disability *(see, Matter of Henderson v Capitol Davis Joint Venture,* 98 AD2d 894; *Matter of Pollara v Air France,* 83 AD2d 701; *Matter of Carbonaro v Chinatown Sea Food,* 55 AD2d 756, 757). As such, apportionment does not apply *(see, id.).* While there was conflicting medical proof as to causal relationship, the Board was authorized to accept the medical testimony deemed most credible *(see, Matter of Smith v I. R. Equip. Corp.,* 60 AD2d 746, 747, *lv denied* 44 NY2d 643; *Matter of Carbonaro v Chinatown Sea Food, supra,* at 757). The determination is supported by substantial evidence and we, accordingly, affirm.

Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.