■ In the Matter of the Claim of DOMINIC J. ROSELLI, Respondent, v MIDDLETOWN SCHOOL DISTRICT et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Levine, J. Appeal from a decision of the Workers' Compensation Board, filed June 11, 1987.

Claimant, a maintenance worker, injured his right shoulder, left knee and left rib area when he fell from a ladder while at work on November 19, 1984. Medical reports prepared in December 1984 and January 1985 by claimant's own physician, Dr. Michael Kamalian, indicate that claimant did not suffer any permanent disability as a result of the accident.

In June 1985, the employer's workers' compensation insurance carrier filed a claim for apportionment of the award under Workers' Compensation Law § 15 (8) (d) based on a preexisting injury to claimant's left knee which apparently resulted in a fusion of that joint in 1941. The case was adjourned to give the carrier an opportunity to investigate claimant's medical history.

One year later, in June 1986, a hearing was scheduled to consider the results of the carrier's investigation. At this hearing a report by Dr. Shera, the Board's Medical Examiner, was submitted into evidence. This report indicated that claimant had sustained a permanent partial disability with a 15% schedule loss of use of the right arm and a 90% schedule loss of use of the left leg. The carrier, in response, did not introduce any evidence concerning claimant's medical history, but asked the Workers' Compensation Law Judge (hereinafter WCLJ) to permit it to call Kamalian to testify and also to cross-examine Shera. The WCLJ refused to adjourn the matter and rendered a decision finding that only part of claimant's schedule loss was causally related to the accident and, hence, apportioning the award between the carrier and the Special Disability Fund.

The Workers' Compensation Board modified the WCLJ's decision by eliminating the apportionment and ruling that claimant's disability was caused entirely by the accident. The Board affirmed the decision in all other respects and this appeal ensued.

On appeal the carrier contends that it should have been permitted to call Shera and Kamalian to testify at a further hearing and that the Board's decision is not supported by substantial evidence. We reject the contention that the Board's determination is unsupported by substantial evidence. Based on Shera's report, the Board could properly find that claimant's limited use of his arm and leg was a permanent condition. In addition, claimant's own testimony before the Board panel was sufficient to support the determination that his disability was not apportionable since his preexisting knee injury was asymptomatic and nondisabling (see, Matter of Henderson v Capitol Davis Joint Venture, 98 AD2d 894).

It was within the WCLJ's discretion to reject the carrier's request for an opportunity to call Kamalian as a witness. The carrier was previously aware that the issues of permanency and apportionment were the subject of the scheduled hearing and of the contents of the physician's prior reports. The carrier's failure to have him present at the hearing was due to its own lack of preparedness, justifying the denial of its request in that respect *(see, Matter of Di Leonardo v Heathcote Fish Mkt., 97 AD2d 576, 577; Matter of Sammaritano v Attractive Fashions, 96 AD2d 627, lv denied 60 NY2d 558)*.

We reach a different conclusion as to the request to cross-examine Shera, the Board's physician. Prior to the hearing, the only medical information available to the carrier were reports from Kamalian and another treating physician, all of which indicated that claimant's condition was not permanent. Shera's report of permanency was not disclosed to the carrier until the hearing. Moreover, the WCLJ apparently based his findings to some extent on an ex parte discussion with Shera. Under all of these circumstances, it was arbitrary and capricious and a denial of the carrier's substantial rights not to have afforded it an opportunity to cross-examine Shera *(see, Matter of McIver v Mobil Oil Corp., 115 AD2d 879, 880; Matter of Cook v Mohawk Airlines, 37 AD2d 882; Matter of Collucio v Hermark Knitwear Corp., 21 AD2d 704, 706; Matter of Beach v Rich & Sons, 3 AD2d 778)*. Accordingly, reversal and remittal for that purpose is required.

Decision reversed, with costs against the Workers' Compensation Board, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.