■ In the Matter of the Claim of STEVEN CEA, Respondent, v COMBINED LIFE INSURANCE COMPANY OF NEW YORK et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.— Levine, J. Appeal from a decision of the Workers' Compensation Board, filed August 8, 1986.

The employer and its carrier appeal from a determination by the Workers' Compensation Board that claimant's disabling back condition was a compensable occupational disease, which was not apportionable with a preexisting condition. In 1970, while serving in the United States Marine Corps, claimant was operated on for removal of nonmalignant bone tumor (osteoid osteoma) from his vertebrae. Upon discharge from the Marines, claimant was awarded a 20% veteran's disability

pension. He then worked as a carpenter for some four years until he took time off to complete his education. Thereafter, he spent a brief period as a security guard and police officer before taking a position as a life insurance salesman in October 1978. This employment required claimant to travel by automobile some 55,000 miles a year in a territory in the State stretching from Long Island to the Canadian border, often under poor road conditions. According to claimant, the excessive driving in his job caused him serious back pain, permanently disabling him by May 1981 from performing his duties. His treating physician opined that the driving aggravated his previous condition which resulted from the removal of the osteoma.

The principal contention for reversal of the Board's decision is that claimant's testimony of recurrent complaints of back pains after the surgery, together with his alleged admissions of having lost several previous jobs because of back problems, contained in a written report from the carrier's examining physician, establish that the preexisting condition was active before his employment with the employer and thus precluded a finding of occupational disease, as a matter of law. There was, however, substantial evidence to support the Board's finding that, although claimant was never totally free from back problems following the surgery, his condition was not disabling and did not prevent him from performing his regular work prior to the aggravation attributable to excessive driving as a life insurance salesman. Claimant's medical proof established not only the existence of the requisite direct causal relationship between the excessive driving and his current disability, but also that the preexisting condition was not in itself a progressive one. Conversely, claimant's physician found that his condition had worsened between 1981 and 1982 examinations. Claimant testified that, although he experienced discomfort, his condition did not interfere with his prior gainful employment. The Board was at liberty to accept this testimony as against the alleged admissions in the report of the carrier's physician, who was not called as a witness. Based upon the finding that claimant's preexisting condition had not been disabling, the Board could rationally conclude that claimant's current disability resulted from an occupational disease. "[T]he crucial factor is that claimant's employment activities acted on preexisting conditions in such a manner as to cause disability which did not previously exist" (Matter of Kuczkowski v Bethlehem Steel Corp., 90 AD2d 612, 613, affd 58 NY2d 946).

For the same reason, apportionment with the nondisabling preexisting condition was not mandated *(see, Matter of Podlish v McGraw Edison Co.,* 89 AD2d 712, 713; *Matter of Jurasin v A & M Wallboard,* 79 AD2d 800).

Decision affirmed, with costs to the Workers' Compensation Board. Main, Weiss, Yesawich, Jr., and Levine, JJ., concur.

Kane, J. P., dissents and votes to reverse in a memorandum. Kane, J. P. (dissenting). The record demonstrates that claimant was under periodic medical treatment at a Veterans' Administration hospital during the entire period he was working for the employer herein. In fact, he was receiving disability payments from the Veterans' Administration for a disability resulting from the prior surgery to his back.

The Board found that claimant "had minor problems with his back between 1970 and 1981 and has never been free totally of complaints". That finding distinguishes this case from *Matter of Kuczkowski v Bethlehem Steel Corp.* (90 AD2d 612, *affd* 58 NY2d 946), upon which the majority relies, wherein the Board found the preexisting condition which formed the basis for the claimant's disability, namely, a preexisting hernia and hydrocele, to be medically "insignificant when discovered" *(supra,* at 613).

Thereupon, in my view, the decision of the Board in this case is an additional extension of the principle established in *Kuczkowski.* The Board's decision apparently stands for the proposition that *any* aggravation of a preexisting condition— and in particular low back pathology, whether dormant or symptomatic—which eventually results in a disability can be established as an occupational disease. If so, it is a giant step from established precedent *(see, Matter of Lopez v Hercules Corrugated Box Corp.,* 50 AD2d 1048).

While the distinction between aggravation of a preexisting condition and an occupational disease has, over the years, become rather blurred, the adoption in this case of the "but for" theory in finding an occupational disease effectively eliminates any such distinction *(see,* 1B Larson, Workmen's Compensation § 41.63). If such a policy is the ultimate objective, it is a subject which should be addressed by the Legislature.

Accordingly, I would reverse the Board's decision and remit for further consideration.