■ In the Matter of the Claim of JOAN DI FABIO, Respondent, v ALBANY COUNTY DEPARTMENT OF SOCIAL SERVICES et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. —Weiss, J. Appeal from a decision of the Workers' Compensation Board, filed February 24, 1989.

Claimant had nonwork-related injuries sustained in an automobile accident on or about June 29, 1984 as a result of which she underwent bilateral laminectomies and a discectomy in

August 1985. Aside from a limitation on heavy lifting and bending, claimant was able to return to full-time work as an account clerk with the Albany County Department of Social Services. On July 31, 1986, claimant slipped on the floor and fell while passing through revolving doors at her place of employment, reinjuring and exacerbating her previous back injury. She continued working until December 11, 1986 when increased pain and sequelae resulted in her total disability. A Workers' Compensation Law Judge found that claimant had a continuing temporary total disability causally related to the compensable accident without legal apportionment. Upon review, the Workers' Compensation Board affirmed and, based upon the whole record, found that the July 31, 1986 accidental injury superimposed on the prior back injury "changed her from a woman who could work, into a woman who cannot". The Board further held that the disability was causally related to the July 31, 1986 work-related accident and that apportionment was not warranted. On appeal, the employer contends that substantial medical evidence does not exist to support the finding that the disability was causally related to the work-related accident. We disagree and affirm.

Initially, we note that it is well settled that compensation is not solely dependent upon proof that the work-related accident caused or aggravated the injury. "It is sufficient if 'the employment acts upon that disease or condition in such a manner as to cause a disability which did not previously exist' " *(Matter of Pezzolanti v Green Bus Lines,* 114 AD2d 553, 554, quoting *Matter of Perez v Pearl-Wick Corp.,* 56 AD2d 239, 241; *see, Matter of Kuczkowski v Bethlehem Steel Corp.,* 90 AD2d 612, 613, *affd* 58 NY2d 946). The record shows that claimant was able to continue and function in her job subsequent to the nonwork-related accident and resultant surgery using a modicum of medication and medical treatment. The testimony shows that after the fall on the employer's premises, claimant's injury and concomitant pain intensified to the degree that the strongest, most severe medication for pain was required. Testimony from the Director of the Pain Management Center at Albany Medical College fully supported her story. Although the orthopedist who testified for the employer differed in his opinion on causal relationship, it is the province of the Board to resolve conflicts in medical opinions *(see, Matter of Ham v Rumsey Sheet Metal,* 125 AD2d 810, 811; *Matter of Gaylord v Ronald Gaylord, Inc.,* 90 AD2d 609).

Nor do we find error in the Board's refusal to apportion responsibility for the disability between the two accidents. The

record demonstrates that claimant functioned effectively following the first accident until she was reinjured at work. Accordingly, apportionment does not apply (see, Matter of Zanetti v Orange & Rockland Utils., 132 AD2d 761, 762).

Decision affirmed, with costs to the Workers' Compensation Board. Kane, J. P., Weiss, Levine, Mercure and Harvey, JJ., concur.