■ In the Matter of the Claim of ELIZABETH EDMONDSON, Respondent, v STATE INSURANCE FUND, Appellant. WORKERS' COMPENSATION BOARD, Respondent.—Levine, J. Appeal from a decision of the Workers' Compensation Board, filed September 23, 1988.

On October 28, 1981 claimant was employed as a payroll clerk by the State Insurance Fund (hereinafter the employer) when she tripped over an electrical outlet protruding from the floor of her office and fell, striking her left hip against the side of a desk. After this accident claimant experienced increasing pain in her left hip and in February 1982, she underwent a hip fusion which was complicated by infection. In October 1982, claimant had further surgery which completely removed the damaged and infected femoral head and neck. As a result of this procedure claimant's left hip is almost completely stiff and is tilted downward due to a shortening of her left leg. Claimant ultimately returned to her payroll clerk position following her discharge from the hospital.

Claimant sought workers' compensation benefits and an examination by the Workers' Compensation Board's Medical Director revealed an 80% schedule loss of use of the left leg. The employer requested an apportionment based upon medical records which indicated that claimant suffered from avas-

cular necrosis of her hip joint, a preexisting condition which weakened claimant's bones and made them susceptible to fracture. In addition, the employer noted that claimant had fallen on snow and injured this hip in 1977 and that she walked with a limp at the time of the 1981 work-related accident. Hearings were held in which two doctors testified and many medical reports were received on the question of whether claimant's compensable accident was apportionable with a preexisting condition.

In June 1987 the Board found that claimant had a causally related 65% schedule loss of the left leg. The Board later rescinded its decision and referred the case back to a Board panel for further consideration. In September 1988 the Board determined that claimant had an 80% schedule loss of use of the left leg solely related to the compensable accident. This appeal by the employer ensued.

The employer's primary argument for reversal is that the Board's finding that claimant's current schedule disability is related solely to the 1981 accident is unsupported by substantial evidence. We disagree. The Board could properly rely on the testimony of Victor Frankel, the orthopedic surgeon who performed claimant's last hip surgery, in which he opined that claimant's avascular necrosis was nondisabling and not progressive at the time of her accident. Thus, according to Frankel, the hip surgeries performed on claimant in 1982 were necessitated solely by the work-related fall. In addition, the Board could conclude that claimant's preexisting condition was nondisabling in light of evidence that she was able to perform all the duties of her employment prior to the accident. Thus, in our view, there was sufficient evidence for the Board to deny apportionment (see, Matter of Cea v Combined Life Ins. Co. 134 AD2d 696, 697-698; Matter of Zanetti v Orange & Rockland Utils., 132 AD2d 761; Matter of Pollara v Air France, 83 AD2d 701). We have considered the other arguments raised by the employer and find them also to be unavailing.

Decision affirmed, without costs. Kane, J. P., Weiss, Levine, Mercure and Harvey, JJ., concur.