■ In the Matter of the Claim of RAYMOND LA MANQUE, Respondent, v UTICA CONCRETE PRODUCTS, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeals from a decision and an amended decision of the Workers' Compensation Board, filed August 2, 1989 and August 20, 1990, which, *inter alia,* ruled that claimant had a permanent total disability.

We reject the contention that the employer's workers' compensation insurance carrier was improperly denied its right to cross-examine adverse witnesses and produce its own witnesses. As to the request for an adjournment to have the consultant for the carrier testify, no excuse was offered for the

failure to have the consultant present at the hearing. Therefore, the denial of that request was justified *(see, Matter of Roselli v Middletown School Dist.,* 144 AD2d 223). In any event, there was no dispute that claimant was totally disabled; rather, the carrier was arguing that the injury was not permanent and the consultant's opinion was that it was permanent. With respect to the request to cross-examine claimant's physician, he had never rendered an opinion on the issue of permanency and the Workers' Compensation Board did not rely on that physician's report on the question of permanency. There was therefore no prejudice to the carrier in the refusal to adjourn so that claimant's physician could be called as a witness *(see, Matter of McIver v Mobil Oil Corp.,* 115 AD2d 879). We also reject the contention that the carrier should have been permitted to cross-examine the State's physician insofar as no request was ever made for such a cross-examination.

Mahoney, P. J., Casey, Mikoll, Crew III and Harvey, JJ., concur. Ordered that the decision and amended decision are affirmed, without costs.