■ In the Matter of the Claim of Edward Kendle, Respondent, v Colonie Masonry Corporation of Albany et al., Appellants. Workers' Compensation Board, Respondent. [605 NYS2d 484] —Weiss, P. J. Appeal from a decision of the Workers' Compensation Board, filed January 23, 1992.

On September 17, 1990 while employed full time as a laborer, claimant fell 15 to 20 feet off a scaffold striking his head and landing on his back. He was rendered unconscious and suffered, among other things, a burst fracture at L-1 vertebra which necessitated a spinal fusion.

The employer does not contest the existence of the accident and resultant injuries, but contends that responsibility should be apportioned with injuries claimant sustained in a 1985 automobile accident. The Workers' Compensation Board found that claimant had recovered from the injuries sustained in the earlier accident and had returned to his usual employment as a laborer in construction, concluding therefore that apportionment was inappropriate. The employer appeals, contending that the determination is not supported by substantial evidence.

Claimant's wife testified that claimant had returned to work as a union laborer in the heavy construction field *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 179) and the record established that claimant was actively employed full time and functioning effectively prior to the admittedly disabling accident.

Nor do we find error in the refusal of the Workers' Compensation Law Judge to permit the employer to further develop

the record. The employer sought to prove that claimant remained symptomatic after his 1985 accident and that he had not fully resumed his previous employment. However, the employer failed to produce readily available evidence from its records and the testimony of claimant's supervisors to disprove the contention that he had resumed his previous work as a full-time laborer in construction. It was not an abuse of discretion for the Workers' Compensation Law Judge to refuse to permit the employer to call additional witnesses to testify on this issue. Apportionment is inappropriate where the prior condition was not a compensable disability and where the claimant is fully employed and functioning effectively (see, *Matter of Di Fabio v Albany County Dept. of Social Servs.*, 162 AD2d 775; *Matter of Roselli v Middletown School Dist.*, 144 AD2d 223; *Matter of Zanetti v Orange & Rockland Utils.*, 132 AD2d 761, 762; *Matter of Henderson v Capitol Davis Joint Venture*, 98 AD2d 894). Accordingly, the decision must be affirmed.

Mercure, Cardona, White and Mahoney, JJ., concur. Ordered that the decision is affirmed, with one bill of costs.