■ In the Matter of CAROL (SMYERS) WOODS, Respondent, v MARRIOTT CORPORATION, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [728 NYS2d 819] —Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed October 18, 1999, which, *inter alia*, denied the employer's request to further develop the record.

Claimant, an employee of the Marriott Corporation (hereinafter the employer), sustained compensable injuries to her lower back on January 24, 1995 and July 19, 1995 while lifting heavy objects at work. Claimant had no compensable lost time resulting from her January 1995 injury, but lost time from work since her July 1995 injury. In February 1996, accident, notice and causal relationship were established for claimant's low back injuries in both cases and she was awarded benefits for lost time.

At an April 9, 1999 hearing, the employer raised the issue of apportionment for the first time, alleging that injuries sustained by claimant in a noncompensable 1975 automobile accident, which included a fractured pelvis, contributed to her work-related low back injuries. The employer's request to develop the record on that issue by taking the testimony of claimant's physician was denied by the Workers' Compensation Law Judge (hereinafter WCLJ). The employer's appeal to the Workers' Compensation Board, insofar as relevant to this appeal, resulted in an affirmance of the WCLJ's decision based upon the Board's finding that the record lacked "any evidence * * * that claimant was symptomatic and disabled following the 1975 injury" and that apportionment was not appropriate. The employer now appeals from the Board's decision, claiming

that the Board erred in denying its request to take the testimony of claimant's attending orthopedic surgeon, Edward Simmons, that it suffered prejudice as a consequence, that it is entitled by statute and Board rules to develop the record on the issue of apportionment and, thus, it was denied due process of law.

Initially, we note that apportionment in workers' compensation cases presents a factual issue for Board determination (*see, Matter of Knouse v Millshoe*, 260 AD2d 948, 950) and "is inappropriate where the prior condition was not a compensable disability and where the claimant is fully employed and functioning effectively" (*Matter of Kendle v Colonie Masonry Corp.*, 199 AD2d 701, 702; *see, Matter of Ricci v Riegel & Sons*, 278 AD2d 673; *Matter of Peziol v VAW of Am.*, 245 AD2d 877). From the scant record before us we are able to conclude that claimant worked for the employer for at least a few years prior to 1995 without incident, was asymptomatic with regard to any low back problems during that period and had no compensable lost time prior to her July 1995 accident; in short, claimant was fully employed and functioning effectively for the employer prior to July 1995. Based on this record, we find substantial evidence to support the Board's determination that apportionment did not lie (*see, Matter of Peziol v VAW of Am.*, supra; *Matter of Kendle v Colonie Masonry Corp.*, supra; *Matter of Edmondson v State Ins. Fund*, 162 AD2d 833, 834; *Matter of Di Fabio v Albany County Dept. of Social Servs.*, 162 AD2d 775, 776; *Matter of Zanetti v Orange & Rockland Utils.*, 132 AD2d 761, 762; *Matter of Carbonaro v Chinatown Sea Food*, 55 AD2d 756, 757).

Finally, our finding that the Board was correct in determining that apportionment did not lie as a matter of law in this case renders the employer's remaining challenges academic and, therefore, they need not be addressed.

Mercure, J. P., Crew III, Peters and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.