In the Matter of the Claim of LOUISE FRANK, as Widow of RICHARD HARVEY FRANK, Deceased, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [803 NYS2d 747]—

Rose, J. Appeal from a decision of the Workers' Compensation Board, filed May 11, 2004, which ruled that decedent's death was causally related to his employment and awarded workers' compensation benefits.

Claimant's decedent sustained injuries at work in March 1991. Although the employer provided workers' compensation benefits for those injuries, a dispute arose when it withheld differential pay mandated by its collective bargaining agreement with

decedent's labor union. The testimony in subsequent proceedings established that in addition to unjustifiably withholding the differential pay, the employer embarked on a course of retaliatory and harassing conduct that included threatening to revoke decedent's medical benefits, refusing to reimburse his pharmacy expenses, denying his requests for vacation leave, filing a false claim that decedent was absent without leave and refusing to authorize necessary medical examinations. Also, because the employer made the differential pay contingent upon decedent repaying an alleged overpayment of workers' compensation benefits, but repeatedly failed to substantiate its claim with documentary evidence, proceedings before a Workers' Compensation Law Judge regarding this attempt at self-help by the employer were necessary and prolonged. After returning home following one such hearing on September 14, 1995, when the matter was again adjourned due to the employer's failure to provide legible documentary evidence, decedent suffered a myocardial infarction and died. Claimant then sought death benefits. After another lengthy series of hearings, the Workers' Compensation Law Judge found a causal connection between decedent's death and the employer's conduct, and granted the claim. The Workers' Compensation Board affirmed, prompting this appeal.

Workers' compensation death benefits may be awarded where it is established that the worker's death was "causally related to stress and anxiety brought about by the [employer's] conduct in challenging his compensation claim" (*Matter of Turdo v New York City Dept. of Sanitation*, 117 AD2d 861, 862 [1986], *lv denied* 68 NY2d 609 [1986]). For such a claim to succeed, the employer's conduct must be shown to be sufficiently egregious and prolonged to constitute a wholly unjustified withholding or delay of benefits accompanied by a causally related death. The issue of whether the employer's conduct met this requirement is a factual determination that the Board must make, and this Court will not disturb the Board's determination if it is supported by substantial evidence. Here, the uncontradicted testimony from claimant, claimant's medical expert and decedent's attorney provided substantial evidence supporting the Board's determination that decedent's death resulted from "a prolonged pattern of intimidation, deceit, and unlawful coercion, the wrongful withholding of benefits to which decedent was entitled, and generally disgraceful conduct towards the decedent."

Finally, the employer's claim that an earlier Board determination erroneously upheld the preclusion of the testimony of two

of the employer's lay witnesses is not properly before us because the employer took no appeal from that determination and failed to include the issue in its notice of appeal (see *Matter of Rambally v Greenberg*, 14 AD3d 742, 743 [2005]; *Matter of Adamo v Richard Spoering, Inc.*, 13 AD3d 882, 883-884 [2004]). Even if we were to consider it, we would find that preclusion was not an abuse of discretion under the circumstances (see *Matter of Olistin v Wellington*, 3 AD3d 618, 619 [2004]; *Matter of Donlin v West Babylon Fire Dist.*, 1 AD3d 813, 814 [2003]).

Crew III, J.P., Peters, Mugglin and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.