■ In the Matter of the Claim of CRAIG McCLOSKEY, Respondent, v MARRIOTT CORPORATION et al., Appellants, and SOUTH HILLS DELI, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [735 NYS2d 666] —Rose, J. Appeal from a decision of the Workers' Compensation Board, filed May 4, 2000, which ruled that claimant's permanent partial disability was causally related to two work-related accidents and that apportionment was warranted.

In 1987, while employed by the Marriott Corporation, claimant sustained a back injury for which he was classified as permanently partially disabled and received workers' compensation benefits. In 1991, while employed by South Hills Deli, claimant again injured his back. As a result of that incident, claimant brought an action for his injuries that was later settled. He also applied for workers' compensation benefits. In July 1991, a Workers' Compensation Law Judge (hereinafter WCLJ) found accident, notice and causal relationship as to the 1991 injury, and continued the case. The Workers' Compensation Board then reopened the 1987 case based on a medical report opining that claimant's disability was also causally related to his prior injury. In July 1998, a WCLJ determined that claimant's disability was causally related 25% to the 1987 accident and 75% to the 1991 accident. The Marriott Corporation and its workers' compensation carrier appealed to the Board, which affirmed the WCLJ's decision. They now appeal to this Court, contending that claimant's disability should not have been apportioned because claimant, after the 1987 accident and prior to his 1991 injury, had returned to work, engaged in his customary recreational activities and had averred in his 1991 personal injury action that he had no disability from the 1987 accident.

"[A]pportionment of a workers' compensation award presents a factual issue for the Board to determine" (*Matter of August v Chromalloy R & T*, 240 AD2d 966, 967, *lv dismissed* 90 NY2d 1007; *see, Matter of Utley v General Motors Corp.*, 285 AD2d 843, 844). Claimant had a compensable prior injury and, despite his back surgery and eventual return to work, he continued to be partially disabled due to the 1987 accident, as confirmed by the April 1990 report of Gabriel Aguilar, the attending physician. Thus, the record supports the Board's deci-

sion that apportionment was appropriate. In reaching this conclusion, the Board considered medical reports from five physicians, two of whom opined that claimant's disability was causally related 25% to the 1987 accident and 75% to the 1991 accident. Accordingly, despite claimant's self-serving failure to disclose the earlier disability in his personal injury action, we find that the Board's determination was supported by substantial evidence and should not be disturbed (*see, Matter of Utley v General Motors Corp., supra*, at 844; *compare, Matter of Woods v Marriott Corp.*, 285 AD2d 906, 907).

Spain, J.P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.