■ In the Matter of the Claim of GEORGE KREBS, Respondent, v TOWN OF ITHACA et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [741 NYS2d 303] —Spain, J. Appeal from a decision of the Workers' Compensation Board, filed May 23, 2000, which ruled, inter alia, that apportionment did not apply to claimant's award of workers' compensation benefits.

After undergoing a total right hip replacement to correct a degenerative arthritic condition, claimant returned to work in a supervisory capacity, with restrictions on lifting and operating heavy equipment. He worked for approximately one year without any problem until March 1996, when he sustained a twisting injury to his right hip in a work-related accident. As a result, he was found to have a permanent partial disability and, upon the advice of his doctor, he retired. Although there was medical evidence that claimant's disability was causally related to the preexisting hip condition, the Workers' Compensation Board ruled that apportionment did not apply to claimant's award of reduced earnings from the disability. The employer and its workers' compensation carrier appeal.

Apportionment in workers' compensation cases is an issue of fact for the Board's determination (*see, Matter of Woods v Marriott Corp.*, 285 AD2d 906, 907). Where the prior condition was not the result of a compensable injury and the claimant is able

---

2. Notably, the People do not argue to the contrary on appeal.

to effectively perform his or her job despite the preexisting condition, apportionment is not warranted (*see, Matter of Peziol v VAW of Am.*, 245 AD2d 877; *Matter of Kendle v Colonie Masonry Corp. of Albany*, 199 AD2d 701, 702).

Here, the record supports the Board's conclusion that, notwithstanding the limitations imposed upon claimant's return to work after the hip replacement surgery, he was able to effectively perform his job for approximately one year despite the preexisting noncompensable condition, rendering apportionment inapplicable (*see, Matter of Peziol v VAW of Am., supra; see also, Matter of Woods v Marriott Corp., supra*). In these circumstances, the Board could rationally have concluded that, although claimant's hip condition prior to the March 1996 injury constituted a "previous permanent physical impairment" within the meaning of Workers' Compensation Law § 15 (8), it did not constitute a "previous disability" within the meaning of Workers' Compensation Law § 15 (7). Apportionment applies only in cases where the prior condition constitutes "a disability in a compensation sense" (*Matter of Carbonaro v Chinatown Sea Food*, 55 AD2d 756, 757) and, therefore, the Board's decision must be affirmed.

Cardona, P.J., Peters, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.