■ In the Matter of the Claim of Susan Bruno, Appellant, v Kelly Temp Service et al., Respondents. Workers' Compensation Board, Respondent. [753 NYS2d 550] —Crew III, J. Appeal from a decision of the Workers' Compensation Board, filed November 26, 2001, which ruled that apportionment applied to claimant's workers' compensation award.

In 1997, claimant sustained a noncompensable injury to her lower back and thereafter intermittently experienced pain and sought medical treatment for such condition. Claimant subsequently went to work for the employer who, in September 1998, placed claimant with Eastman Kodak Company as a film packager. In February 2000, claimant injured her lower back while attempting to pull a pallet loaded with film onto a hand cart. Although a Workers' Compensation Law Judge subse-

quently established the case for a work-related injury and agreed with claimant that apportionment was not appropriate, the Workers' Compensation Board reversed such decision, finding that claimant's award should be apportioned 75% to the noncompensable 1997 injury and 25% to the work-related 2000 injury. This appeal by claimant ensued.

While it is true that apportionment of a workers' compensation award presents a factual issue for the Board's resolution, the Board's decision in this regard nonetheless must be supported by substantial evidence (*see Matter of August v Chromalloy R & T*, 240 AD2d 966, 967, *lv dismissed* 90 NY2d 1007). In concluding that apportionment of claimant's award was appropriate, the Board relied upon the fact that claimant's preexisting back condition was symptomatic prior to the 2000 work-related accident and the fact that claimant was "actively treating with multiple physicians" for such condition. The case law makes clear, however, that the dispositive issue is not whether a claimant's preexisting condition was symptomatic but, rather, whether such condition was disabling. As this Court previously has observed, "[a]pportionment applies only in cases where the prior condition constitutes 'a disability in a compensation sense'" (*Matter of Krebs v Town of Ithaca*, 293 AD2d 883, 884, quoting *Matter of Carbonaro v Chinatown Sea Food*, 55 AD2d 756, 757). Stated another way, apportionment is not appropriate where the claimant's prior condition was not the result of a compensable injury and such claimant was fully employed and able to effectively perform his or her duties despite the noncompensable preexisting condition (*see Matter of Krebs v Town of Ithaca, supra* at 883-884; *Matter of Ricci v Riegel & Sons*, 278 AD2d 673).

Here, the record reveals that although claimant continued to experience intermittent pain following her 1997 injury, periodically received medical treatment, took prescribed pain medication and was subject to a 10-pound lifting restriction, she nonetheless worked between 40 to 60 hours per week for approximately 18 months without ever missing a day of work due to her back problems. Simply put, claimant's uncontroverted testimony indicates that despite her noncompensable preexisting condition, she remained fully employed and was able to effectively perform her duties as a film packager. In light of such testimony, we conclude that the Board's finding regarding apportionment is not supported by substantial evidence in the record as a whole and, as such, the underlying decision is reversed.

Cardona, P.J., Peters, Mugglin and Lahtinen, JJ., concur.

Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.