■ In the Matter of the Claim of DAVID H. JOHNSON, Claimant, v FEINBERG-SMITH ASSOCIATES, INC., et al., Appellants, and SPECIAL FUNDS CONSERVATION COMMITTEE et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [759 NYS2d 592] —Spain, J. Appeal from a decision of the Workers' Compensation Board, filed October 17, 2001, which ruled that apportionment did not apply to claimant's workers' compensation award.

In 1983 and again in 1995, claimant sustained compensable work-related injuries to his back while employed by the Broome County Highway Department. In 1999, claimant sustained another back injury while lifting a bag into a truck at work for

the current employer, which forms the basis of the present claim. The Workers' Compensation Law Judge established the case for a work-related injury, set an average weekly wage and ruled, based upon the medical testimony, that apportionment was inapplicable as a matter of law. The Workers' Compensation Board affirmed. The employer and the workers' compensation carrier appeal, and we affirm.

Apportionment of a workers' compensation award presents a factual issue for the Board to resolve, and its decision will be upheld where supported by substantial evidence (*see Matter of August v Chromalloy R & T*, 240 AD2d 966, 967 [1997], *lv dismissed* 90 NY2d 1007 [1997]). On the issue of apportionment, both claimant's treating physician and the carrier's medical consultant agreed that claimant's current back condition should be apportioned almost equally between his 1999 injury and a preexisting, noncompensable degenerative condition that he developed over the years, with claimant's physician apportioning them equally and the carrier's physician attributing 40% to the 1999 injury and 60% to the degenerative condition. Significantly, neither apportioned any of claimant's current disability to either of his previous compensable injuries, in 1983 and 1995. Regarding his job performance, the record reflects that—at the time of the 1999 accident—claimant was effectively and fully performing his job duties despite the degenerative condition, had no restrictions placed on his work, had not missed any work due to that preexisting condition and had not received treatment for his back in recent years. Also, while not a contributing factor to his present condition, it is noteworthy that the prior compensable injury in 1983 resulted in 25 weeks of missed work; the 1995 injury caused just eight weeks lost time and, upon the conclusion of treatment, claimant received no further medical care for his back until the 1999 accident.

In our view, this claim falls squarely under the well-established standard, to which we have repeatedly and recently adhered, that apportionment is inapplicable as a matter of law "[w]here the prior condition was not the result of a compensable injury and the claimant is able to effectively perform his or her job despite the preexisting condition" (*Matter of Krebs v Town of Ithaca*, 293 AD2d 883, 883-884 [2002]; *see Matter of Hogan v Hilltop Manor of Niskayuna*, 303 AD2d 822, 823 [2003]; *Matter of Montana v Orion Bus Indus.*, 303 AD2d 820, 821 [2003]; *Matter of Woods v Marriott Corp.*, 285 AD2d 906, 907 [2001]; *Matter of Di Fabio v Albany County Dept. of Social Servs.*, 162 AD2d 775, 776-777 [1990]; *Matter of Carbonaro v*

*Chinatown Sea Food*, 55 AD2d 756, 757 [1976]). As explained long ago, this is so because "[a]pportionment applies only in cases where the prior condition constitutes 'a disability in a compensation sense' " (*Matter of Krebs v Town of Ithaca, supra* at 884, quoting *Matter of Carbonaro v Chinatown Sea Food, supra* at 757; *see* Workers' Compensation Law § 15 [7]).

Contrary to the employer and carrier's central contentions, our decision in *Matter of Miller v Congel-Palenscar, Inc.* (236 AD2d 645 [1997]) neither establishes a countervailing rule to *Matter of Carbonaro v Chinatown Sea Food* (*supra*) and its progeny nor represents the development of irreconcilable lines of apportionment cases. Unlike this case, in *Miller*, both medical experts apportioned some of the claimant's current (i.e., 1989) disability in part to a prior *compensable* 1980 work-related injury, as well as to a prior noncompensable 1972 sledding accident (*Matter of Miller v Congel-Palenscar, Inc., supra* at 646). Consequently, since part of that claimant's disability resulted from a prior *compensable* accident, the rule recognized in *Carbonaro* and progeny—that apportionment is inapplicable as a matter of law if the prior condition resulted only from a *noncompensable* injury—did not govern the *Miller* claimant. Inasmuch as the Board's finding in *Miller* that the claimant's disability was solely due to his 1989 accident was contrary to all of the medical testimony, we reversed the Board's nonapportionment finding and remitted for the purpose of developing the record and properly assigning an apportionment percentage to the current accident, the 1980 compensable injury and the 1972 noncompensable injury (*id.*). *Miller*, thus, is consistent with the principle that apportionment is a question of fact and may be appropriate where, in accordance with the medical proof, a claimant's disability is in full or in part attributable to a prior compensable injury (*see Matter of McCloskey v Marriott Corp.*, 290 AD2d 671, 671-672 [2002]; *Matter of Howell v Langie Fuel Serv.*, 241 AD2d 568, 569-570 [1997]; *Matter of Cook v Sabatino Trucking*, 58 AD2d 926 [1977]; *Matter of Murillo v Ogden Corp.*, 51 AD2d 1085, 1086 [1976]; *see also* 110 NY Jur 2d, Workers' Compensation § 320, at 46-48; *cf. Matter of August v Chromalloy R & T*, 240 AD2d 966, 967 [1997], *supra*), i.e., "where the prior condition constitutes 'a disability in a compensation sense' " (*Matter of Krebs v Town of Ithaca, supra* at 884, quoting *Matter of Carbonaro v Chinatown Sea Food, supra* at 757).

Since substantial evidence exists to support the Board's finding that apportionment is inapplicable as a matter of law and no error of law was made, the Board's decision will be upheld (*see Matter of August v Chromalloy R & T, supra*).

Mercure, J.P., Carpinello, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.