■ In the Matter of the Claim of CHAD COOL, Appellant, v TP BRAKE & MUFFLER, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [759 NYS2d 597] —Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed October 30, 2001, which ruled, inter alia, that apportionment applied to claimant's workers' compensation award.

Claimant, an automobile mechanic, injured his lower back the morning of August 14, 1997 while he was fixing the rear

brakes of a bus. He continued to work thereafter. On August 15, 1997 and August 16, 1997, he participated in a two-day demolition derby. Although claimant continued to work following this event, he sought medical treatment on August 20, 1997. He stopped working on September 2, 1997 and subsequently filed a claim for workers' compensation benefits. Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ), among other things, established the case for accident, notice and causal relationship and awarded benefits without prejudice to apportionment. The employer's workers' compensation carrier appealed this decision noting that the medical evidence adduced at the hearing did not indicate that claimant's physicians were aware of his participation in the demolition derby. The Workers' Compensation Board, among other things, directed further development of the record on this issue as it had a direct bearing on apportionment. Following further proceedings, the WCLJ declined to find apportionment and made final awards. The Board disagreed and, in addition to modifying the WCLJ's decision in other respects, apportioned claimant's disability 40% to the August 14, 1997 incident and 60% to the demolition derby. Claimant appeals.

Initially, we note that "[a]pportionment in workers' compensation cases is an issue of fact for the Board's determination" (*Matter of Krebs v Town of Ithaca*, 293 AD2d 883, 883 [2002]; *see Matter of McCloskey v Marriott Corp.*, 290 AD2d 671, 671 [2002]). Such a determination will be upheld if supported by substantial evidence (*see Matter of Bruno v Kelly Temp Servs.*, 301 AD2d 730, 731 [2003]). Based upon our review of the record, we find that the medical evidence presented at the continued hearing constitutes substantial evidence supporting the Board's finding of apportionment.

Claimant's treating physician, Mathew Ulahannan, testified that he first saw claimant after the August 14, 1997 incident on August 20, 1997, at which time claimant was complaining of pain radiating down his lower left extremity. He stated that a CAT scan revealed that claimant had a bulging disc at L4-L5 which he related to the August 14, 1997 incident. He stated, however, that claimant did not disclose his participation in the demolition derby until after the fourth or fifth treatment and he did not know the details of the derby. Moreover, he indicated that he did not know whether the herniated disc was present before the derby or if claimant's back condition was related to the derby. Notably, Ulahannan deferred to the opinion of the neurosurgeon who examined claimant on the question of apportionment.

Ronald Naumann, the neurosurgeon, testified that he first examined claimant on December 15, 1997 at which time he discovered that claimant had a herniated lumbar disc which he believed was causally related to the work-related accident of August 14, 1997. He stated, however, that claimant did not reveal that he had participated in the demolition derby, but that he became aware of this after his examination. Based upon this new information, and claimant's testimony that he did not experience pain in his legs immediately after the August 14, 1997 incident but, according to Ulahannan, did at the time he visited Ulahannan on August 20, 1997, Naumann opined that 40% of claimant's disability was attributable to the work-related incident of August 14, 1997 and 60% was attributable to the demolition derby events. Significantly, no other medical evidence was presented to contradict Naumann's opinion on apportionment. Given that the Board is "entitled to assess the credibility of the witnesses * * * and to weigh the medical evidence and draw appropriate inferences therefrom" (*Matter of MacKenzie v Management Recruiters*, 271 AD2d 822, 824 [2000], *lv denied* 95 NY2d 768 [2000]; *see Matter of Kozlowski v Howard Sober, Inc.*, 234 AD2d 725, 727 [1996]), we find no reason to disturb its decision in view of the record before us. We have considered claimant's remaining contention and find it to be without merit.

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.