■ In the Matter of the Claim of DONALD E. NYE, Appellant, v IBM CORPORATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [768 NYS2d 706]—

Peters, J. Appeals (1) from a decision of the Workers' Compensation Board, filed September 17, 2001, which ruled, inter alia, that apportionment applied to claimant's workers' compensation claim, and (2) from a decision of said Board, filed August 1, 2002, which denied claimant's application for reconsideration or full Board review.

Claimant, a maintenance worker, filed a workers' compensation claim as a result of injuries he sustained to his neck on July 7, 1993 while at work. Prior to this claim, claimant experienced neck problems for which he underwent surgery in 1982 and March 1993. Following various hearings, a Workers' Compensation Law Judge established the case for accident, notice and causal relationship; claimant was classified as having a permanent total disability. The Workers' Compensation Law Judge further determined that the disability should be apportioned 75% to the work-related injury and 25% to the noncompensable preexisting condition. The Workers' Compensation Board thereafter modified claimant's award by apportioning 70% to the work-related injury and 30% to the prior condition. Claimant appeals.

Apportionment, a factual issue which shall remain undisturbed if supported by substantial evidence (see Matter of Cool v TP Brake & Muffler, 305 AD2d 886, 887 [2003]; Matter of Johnson v Feinberg-Smith Assoc., 305 AD2d 826, 827 [2003]), has been found to apply "only in cases where the prior condition constitutes 'a disability in a compensation sense' " (Matter of Krebs v Town of Ithaca, 293 AD2d 883, 884 [2002], lv denied 100 NY2d 501 [2003], quoting Matter of Carbonaro v Chinatown Sea Food, 55 AD2d 756, 757 [1976]; see Matter of Hogan v Hilltop Manor of Niskayuna, 303 AD2d 822, 823 [2003]). It is inapplicable as a matter of law "where the claimant's prior condition was not the result of a compensable injury and such claimant was fully employed and able to effectively perform his or her duties despite the noncompensable preexisting condition" (Matter of Bruno v Kelly Temp Serv., 301 AD2d 730, 731

[2003]; *see Matter of Hogan v Hilltop Manor of Niskayuna, supra* at 823).

Claimant's disability should not have been apportioned. The record reflects that claimant was not disabled as a result of his noncompensable preexisting condition and was fully capable of working at the time he sustained his work-related injury. Although his employer placed both a lifting and weight restriction upon him due to his recent surgery, claimant's physician testified that as of June 1993, he did not have any neurological impairments, had full range of motion of his cervical spine and was permitted to return to full-time work without limitation. In fact, the employer's records indicate that claimant was receiving his full salary prior to the accident. With no evidence indicating that claimant's noncompensable preexisting condition rendered him unable to perform his duties (*see Matter of Bruno v Kelly Temp Serv., supra* at 731; *Matter of Krebs v Town of Ithaca, supra* at 883-884; *Matter of Di Fabio v Albany County Dept. of Social Servs.*, 162 AD2d 775, 776 [1990]), we find the apportionment of claimant's award to be unsupported (*see Matter of Hogan v Hilltop Manor of Niskayuna, supra*; *Matter of Bruno v Kelly Temp Serv., supra*).

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the decisions are reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.