■ In the Matter of the Claim of CHARLES HUSS, Appellant, v TOPS MARKETS, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [787 NYS2d 147]—

Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed May 16, 2003, which ruled that claimant's permanent partial disability was casually related to a prior work-related injury and that apportionment was warranted.

In 1985, while employed by Dunlop Tire, claimant sustained a right shoulder injury for which he was classified as permanently

partially disabled and received workers' compensation benefits. In 1998, while employed by Tops Markets, Inc., claimant again injured his right shoulder. He applied for workers' compensation benefits and, in April 1999, a Workers' Compensation Law Judge found accident, notice and causal relationship as to the 1998 injury. Based on conflicting medical reports, the case was referred to an impartial specialist to determine which injury was the cause of claimant's disability and whether apportionment was warranted. At a September 2002 hearing, Philip Stegemann, an impartial specialist appointed by the Workers' Compensation Board, opined that claimant's 1998 injury exacerbated his 1985 injury, and that claimant's disability was 85% related to the 1985 injury and 15% related to the 1998 injury. However, in December 2002, a Workers' Compensation Law Judge determined that claimant's disability was not related to his prior injury and that apportionment was not warranted. Tops Markets and its workers' compensation carrier appealed to the Board, which reversed and apportioned claimant's disability 85% to the 1985 injury and 15% to the 1998 injury. Claimant now appeals, contending that his disability should not be apportioned because he disclosed his prior injury and he testified that he performed his regular work duties and had no disability from the 1985 injury.

Apportionment of a workers' compensation award is a factual issue for the Board to determine, and its decision will be upheld if supported by substantial evidence (*see Matter of Nye v IBM Corp.*, 2 AD3d 1164, 1164 [2003]; *Matter of Johnson v Feinberg-Smith Assoc.*, 305 AD2d 826, 827 [2003]). The record indicates that claimant had a compensable prior injury and, despite his numerous surgeries and eventual return to work, he continued to be partially disabled due to the 1985 accident, as confirmed by Stegemann's testimony and the medical report of the carrier's consultant. Accordingly, the record supports the Board's decision that apportionment was appropriate (*see Matter of McCloskey v Marriott Corp.*, 290 AD2d 671, 671 [2002]). In reaching the conclusion that claimant's disability was 85% causally related to the 1985 injury and 15% to the 1998 injury, the Board considered medical reports from three physicians. The carrier's consultant opined that claimant's injury was related to his prior injury but he did not apportion a percentage. Stegemann testified that claimant's disability was exacerbated by his 1985 injury and made an apportionment ultimately adopted by the Board. Accordingly, we find that the Board's determination was supported by substantial evidence and should not be disturbed (*see id.*).

Mercure, J.P., Spain and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.