■ In the Matter of the Claim of PATRICIA J. MOORE, Appellant, v ST. PETER's HOSPITAL et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [794 NYS2d 732]—

Rose, J. Appeal from a decision of the Workers' Compensation Board, filed January 7, 2004, which ruled that apportionment applied to claimant's workers' compensation award.

While employed as a nurse's aide, claimant sustained two injuries to her back in 1994, requiring surgery. Claimant applied for and received workers' compensation benefits for the claims, which were consolidated and closed in 1998 after she accepted a lump-sum settlement and was classified with a permanent partial disability. After recovering from surgery, claimant returned to work. Claimant's back pain returned in 1999 and, following another surgical procedure, she resumed working in February 2000. Claimant remained essentially free from further symptoms and lost no additional time from work until April 2002, when she again injured her back while working as an inventory control clerk for the employer. Following a hearing and the receipt of medical testimony, the Workers' Compensa-

tion Law Judge established claimant's case for a work-related injury and directed that her award be apportioned, in one-third allotments, between her compensable 1994 injuries, her 1999 recurrence and her April 2002 claim. The Workers' Compensation Board affirmed and claimant now appeals.

We affirm. As a factual determination for the Board to make, apportionment may be applicable where the medical evidence indicates that a claimant's disability can be partially or wholly attributable to a prior compensable injury, that is, "where the prior condition constitutes 'a disability in a compensation sense' " (*Matter of Krebs v Town of Ithaca*, 293 AD2d 883, 884 [2002], *lv denied* 100 NY2d 501 [2003], quoting *Matter of Carbonaro v Chinatown Sea Food*, 55 AD2d 756, 757 [1976]; *see Matter of Johnson v Feinberg-Smith Assoc.*, 305 AD2d 826, 828 [2003]; *Matter of Bruno v Kelly Temp Serv.*, 301 AD2d 730, 731 [2003]). Here, claimant was determined to be permanently partially disabled as a result of her compensable 1994 claims, and the testimony and medical documentation in the record indicates that her disability continued to hamper her until at least 2000, necessitating additional surgeries and brief periods away from work. Moreover, the expert retained by the employer and its workers' compensation carrier, who conducted an independent medical examination of claimant and reviewed her history, testified that the 1994 injuries appeared to be "the index event" precipitating her subsequent back problems and, accordingly, apportionment between her past and current injuries was warranted. The opinion of claimant's treating physician, who stated that claimant's disability was entirely attributable to her April 2002 injury, does not dictate a contrary result. The Board, which considered this expert's testimony that he was unaware that claimant had been classified with a permanent disability in 1997 and was unable to specifically comment on the relevance of the 1994 injuries to the instant claim, was entitled to resolve the conflicts in the medical evidence against claimant (*see Matter of August v Chromalloy R & T*, 240 AD2d 966, 967 [1997], *lv dismissed* 90 NY2d 1007 [1997]). Therefore, substantial evidence supports the Board's decision and we decline to disturb it (*see Matter of Huss v Tops Mkts., Inc.*, 13 AD3d 768 [2004]; *Matter of McCloskey v Marriott Corp.*, 290 AD2d 671 [2002]).

Crew III, J.P., Peters, Spain and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.