In the Matter of the Claim of JOHN CUNNINGHAM, Appellant, v WESSANEN USA, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [797 NYS2d 657]—

Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed April 7, 2004, which ruled, inter alia, that claimant's permanent partial disability was causally related to a prior work-related injury and that apportionment was warranted.

In 1991, claimant sustained a work-related back injury for which he had surgery and he received a lump-sum award based upon a classification of a permanent partial disability. After sev-

eral years, he returned to work as a truck driver, but in 2002 he reinjured his back while working. A Workers' Compensation Law Judge found a mild disability and apportioned the disability one third to the 1991 accident and two thirds to the 2002 accident. Upon review, the Workers' Compensation Board increased the disability to mild to moderate and affirmed the apportionment. Asserting that the apportionment is improper and that he should have received a higher classification of disability, claimant appeals.

We affirm. "[A]pportionment is inapplicable as a matter of law 'where the prior condition was not the result of a compensable injury and the claimant is able to effectively perform his or her job despite the preexisting condition'" (*Matter of Johnson v Feinberg-Smith Assoc.*, 305 AD2d 826, 827 [2003], quoting *Matter of Krebs v Town of Ithaca*, 293 AD2d 883, 883-884 [2002], *lv denied* 100 NY2d 501 [2003]). However, where the prior condition is a disability in a compensation sense, apportionment is a "factual issue for the Board to determine, and its decision will be upheld if supported by substantial evidence" (*Matter of Huss v Tops Mkts., Inc.*, 13 AD3d 768, 769 [2004]; *see Matter of Nye v IBM Corp.*, 2 AD3d 1164, 1164 [2003]). Here, claimant sustained a compensable disability in 1991. All three physicians who testified, including claimant's treating physician from 1991 and 2002, apportioned part of his current condition to his 1991 disability. While they varied in the percentages that they assigned to the prior injury, one of the physicians attributed one third of claimant's disability to the 1991 accident. This apportionment, which was credited by the Board, is supported by substantial evidence (*see Matter of Cool v TP Brake & Muffler*, 305 AD2d 886, 888 [2003]).

Similarly, although there were conflicting medical opinions on claimant's degree of disability, resolving those opinions was within the province of the Board and its determination in such regard is supported by substantial evidence (*see Matter of Harrington v Whitford Co.*, 302 AD2d 645, 647 [2003]; *Matter of Forte v City & Suburban*, 292 AD2d 738, 739 [2002]).

Crew III, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.