■ In the Matter of the Claim of JOHN J. RAFFERTY, Appellant, v FOUR CORNERS, LLC, et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [806 NYS2d 786]—

Crew III, J.P. Appeal from a decision of the Workers' Compensation Board, filed July 1, 2004, which, inter alia, ruled that apportionment applied to claimant's workers' compensation award.

Claimant suffered a work-related injury to his lower back in 1996 and was found to be permanently partially disabled. Claimant settled that workers' compensation claim pursuant to Workers' Compensation Law § 32 and received Social Security disability benefits for approximately five years before he returned to work part time as a general helper in the employer's custom

wood shop. In February 2003, claimant sustained an injury to his back and neck as he and a coworker lifted a table off a conveyor belt. Claimant applied for workers' compensation benefits and, following a hearing, a Workers' Compensation Law Judge found that claimant had a marked partial disability (attributable in large measure to the injuries sustained to claimant's lower back), apportioned that disability equally between the 1996 and 2003 work-related accidents and awarded benefits accordingly.* A panel of the Workers' Compensation Board affirmed, prompting this appeal by claimant.

Apportionment is a factual issue for the Board to resolve and is appropriate where the medical evidence establishes that the claimant's current disability is at least partially attributable to a prior compensable injury (*see Matter of Moore v St. Peter's Hosp.*, 18 AD3d 1001, 1002 [2005]). Despite claimant's protestations to the contrary, the record before us contains ample proof that claimant indeed sustained a disabling condition prior to his 2003 compensable accident. While it is true that claimant had been employed part time for approximately 18 months prior to the 2003 accident, the record also reflects that he was unable to work for approximately five years following his 1996 accident. Additionally, both claimant's treating physician and the employer's medical consultant testified that they would attribute a portion of claimant's present disability to his 1996 work-related accident—based in large measure upon the fact that claimant gave them a history of continuing back pain and radiating pain in his left leg following the 1996 incident (*see Matter of Cunningham v Wessanen USA, Inc.*, 20 AD3d 651 [2005]; *compare Matter of Johnson v Feinberg-Smith Assoc.*, 305 AD2d 826 [2003]). In short, claimant's statements to such physicians, coupled with his documented work history (or lack thereof), negate his present claim that he was under no continuing disability following the 1996 accident. As the Board's decision regarding apportionment is supported by substantial evidence in the record as a whole, it is affirmed.

Peters, Spain and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.

* The finding of apportionment did not apply to the medical treatment claimant received for his neck and upper right extremity.