In the Matter of the Claim of JOHN MANDZIARA, Respondent, v LOWE'S HOME CENTERS, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [839 NYS2d 264]—

Peters, J. Appeal from a decision of the Workers' Compensation Board, filed June 20, 2006, which ruled that apportionment did not apply to claimant's workers' compensation award.

In 1995, claimant sustained a back injury in Pennsylvania which resulted in the establishment of a workers' compensation claim in that state. He underwent three unsuccessful back surgeries before a fourth surgery, in June 2001, ultimately relieved his symptoms. In May 2003, claimant injured his back while working in Broome County as a mill work specialist for Lowe's Home Centers (hereinafter the employer), prompting the current workers' compensation claim. A Workers' Compensation Law Judge thereafter determined, among other things, that apportionment did not apply to claimant's workers' compensation award. Upon review, the Workers' Compensation Board affirmed, prompting this appeal.

We affirm. Apportionment of a workers' compensation award presents a factual issue for resolution by the Board and its deci-

sion will be upheld so long as it is supported by substantial evidence (*see Matter of Rafferty v Four Corners, LLC,* 25 AD3d 840, 841 [2006]; *Matter of Huss v Tops Mkts., Inc.,* 13 AD3d 768, 769 [2004]; *Matter of Nye v IBM Corp.,* 2 AD3d 1164, 1164 [2003]). Recognizing that the issue of apportionment may be appropriately considered when "the prior condition constitutes 'a disability in a compensation sense' " (*Matter of Krebs v Town of Ithaca,* 293 AD2d 883, 884 [2002], *lv denied* 100 NY2d 501 [2003], quoting *Matter of Carbonaro v Chinatown Sea Food,* 55 AD2d 756, 757 [1976]), the record reveals that as of September 2001, claimant was not experiencing any back pain or weakness, had no complaints regarding his prior condition, and was released to go back to work by his surgeon. According to claimant, he was pain free, took no medicine and, starting in October 2001, worked between 50 to 60 hours per week for the employer doing "heavy work." He testified that he never missed work for medical reasons until his May 2003 injury. Claimant's family care physician, Christopher Andres, who treated claimant both before and after the May 2003 injury, opined that claimant's current disability was entirely related to the events of May 2003; Andres' testimony supported claimant's assertion that he was asymptomatic for no less than 14 months prior to the May 2003 injury. Hence, notwithstanding the employer's expert who opined that 75% of claimant's current disability is causally related to his preaccident surgeries and their effects, with only 25% causally related to the current incident, it was for the Board to resolve this conflict (*see Matter of August v Chromalloy R & T,* 240 AD2d 966, 967 [1997], *lv dismissed* 90 NY2d 1007 [1997]). With substantial evidence supporting the Board's determination, we affirm.

Cardona, P.J., Mercure, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.