■ In the Matter of the Claim of SHANNON FORD, Appellant, v FUCILLO et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [887 NYS2d 686]—

Garry, J. Appeal from a decision of the Workers' Compensation Board, filed March 3, 2008, which, among other things, ruled that apportionment applied to claimant's workers' compensation award.

Claimant suffered work-related injuries to his lower back

* Respondent's appeal from Family Court's fact-finding and dispositional orders was withdrawn in August 2008.

while working for a previous employer in 1991 and 1992 and was found to be permanently partially disabled. Claimant settled the claims pursuant to Workers' Compensation Law § 32 and he eventually returned to work. In 2002, claimant sustained an injury to his right hip and leg while employed at Fucillo and was awarded workers' compensation benefits. Thereafter, a Workers' Compensation Law Judge found, among other things, that claimant had a moderate partial disability, apportioned that disability equally between the 2002 claim and the prior claims and awarded indemnity benefits accordingly. On review, the Workers' Compensation Board affirmed, prompting this appeal by claimant.

We affirm. "Apportionment of a workers' compensation award is a factual issue for the Board to determine, and its decision will be upheld if supported by substantial evidence" (*Matter of Huss v Tops Mkts., Inc.*, 13 AD3d 768, 769 [2004] [citations omitted]; *see Matter of Mandziara v Lowe's Home Ctrs.*, 41 AD3d 1020, 1020-1021 [2007]). Moreover, apportionment "is appropriate where the medical evidence establishes that the claimant's current disability is at least partially attributable to a prior compensable injury" (*Matter of Rafferty v Four Corners, LLC*, 25 AD3d 840, 841 [2006]; *see Matter of Mandziara v Lowe's Home Ctrs.*, 41 AD3d at 1021). Here, the employer's medical expert testified that claimant's permanent partial disability related to the prior claims and the injury related to his 2002 claim attributed equally to claimant's residual disability. Notably, claimant's treating physician was unable to give an opinion as to apportionment and claimant did not present any evidence contradicting the conclusion of the employer's expert. Based upon the record and in view of the Board's entitlement "to weigh the medical evidence and draw appropriate inferences therefrom" (*Matter of MacKenzie v Management Recruiters*, 271 AD2d 822, 824 [2000], *lv denied* 95 NY2d 768 [2000]; *accord Matter of Cool v TP Brake & Muffler*, 305 AD2d 886, 888 [2003]), we find that the Board's decision was supported by substantial evidence and we decline to disturb it (*see Matter of Cool v TP Brake & Muffler*, 305 AD2d at 888).

Mercure, J.P., Lahtinen, Kane and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.