In the Matter of the Claim of ROB ALTOBELLI, Respondent, v ALLINGER TEMPORARY SERVICES, INC., et al., Appellants, and CALVARY DESIGN TEAM, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [895 NYS2d 553]—

---

Peters, J.P. Appeal from a decision of the Workers' Compensation Board, filed October 9, 2008, which ruled that claimant's workers' compensation award be apportioned equally to two work-related incidents.

Claimant sustained a non-work-related back injury that required that he undergo surgery in 1989. He subsequently became employed as a manual laborer and worked without disability or restrictions until October 2001 when he reinjured his back carrying drywall while working for Allinger Temporary Services, Inc. The incident led to a second surgery and resulted in an established workers' compensation claim. Although he returned to work after that surgery, claimant sustained another back injury—for which a second workers' compensation claim was established—in May 2004 while employed by Calvary Design Team, Inc. In July 2005, claimant underwent a third back surgery after experiencing pain at home in March of that year.

Thereafter, hearings were held in regard to apportionment, and a Workers' Compensation Law Judge concluded that claimant's awards should be apportioned 80% to the 2001 injury and 20% to the 2004 injury. Upon review, the Workers' Compensation Board agreed with the assertion of Allinger and its workers' compensation carrier (hereinafter collectively referred to as the employer) that apportionment should apply on an equal one-third basis to the 1989, 2001 and 2004 injuries. Claimant's subsequent application for full Board review of that determination was granted, whereupon the Board rescinded its prior decision and apportioned the claims equally between the 2001 and 2004 work-related incidents. The employer appeals.*

We affirm. "Apportionment of a workers' compensation award presents a factual issue for resolution by the Board and its decision will be upheld so long as it is supported by substantial evidence" (*Matter of Mandziara v Lowe's Home Ctrs.*, 41 AD3d 1020, 1020-1021 [2007] [citations omitted]). The Board is likewise empowered to resolve conflicts in medical evidence and to credit the testimony of one expert over that of another (*see Matter of Moore v St. Peter's Hosp.*, 18 AD3d 1001, 1002 [2005]). In that regard, notwithstanding contrasting medical testimony, the Board relied on the opinion of Andre Lefebvre, a board-certified orthopaedic surgeon who examined claimant in 2002 and 2006 and testified that claimant's condition was equally attributable to his 1989, 2001 and 2004 injuries.

The Board determined, however, that apportionment to the

---

* Calvary and its workers' compensation carrier have submitted a brief in support of the employer's appeal, but have abandoned their own appeal.

non-work-related 1989 injury was precluded as a matter of law because that injury did not render claimant disabled in the "compensation sense" (*see Matter of Bruno v Kelly Temp Serv.*, 301 AD2d 730, 731 [2003] [citations omitted]). Contrary to the employer's assertion, such a determination is consistent with our holding in *Matter of Miller v Congel-Palenscar, Inc.* (236 AD2d 645 [1997]), "in which we reversed the Board's apportionment finding only after discovering that it had erred by failing to properly consider the claimant's prior *compensable* injury" (*Matter of Peck v Village of Gouverneur*, 15 AD3d 735, 736 [2005], *lv denied* 5 NY3d 707 [2005]; *see Matter of Johnson v Feinberg-Smith Assoc.*, 305 AD2d 826, 827-828 [2003]). Accordingly, because our review of the record reveals that between 1989 and 2001 claimant "was fully employed and able to effectively perform his . . . duties despite the noncompensable preexisting condition" (*Matter of Bruno v Kelly Temp Serv.*, 301 AD2d at 731), substantial evidence supports the Board's decision limiting apportionment to claimant's two work-related injuries (*see generally Matter of Peterson v Faculty Student Assn.*, 57 AD3d 1139, 1140-1141 [2008], *lv dismissed* 12 NY3d 777 [2009]).

Rose, Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Ordered that the decision is affirmed, with costs to claimant.