■ In the Matter of the Claim of CHRISTOPHER FORSHEE, Appellant, v GATES ALBERT, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [912 NYS2d 449]—

Peters, J. Appeal from a decision of the Workers' Compensation Board, filed September 4, 2009, which ruled that apportionment applied to claimant's workers' compensation award.

Claimant obtained workers' compensation benefits for back injuries in 1988 and 1995, and was classified as having a permanent partial disability attributable to both. He continued to work when well enough to do so and, in 1998, entered into lump-sum settlements for both claims. Claimant sustained another work-related back injury in 2007. Following hearings, a workers' compensation law judge determined that claimant had a

moderate to marked partial disability caused wholly by the 2007 injury. Upon review, the Workers' Compensation Board modified and apportioned the disability, attributing 20% of it to claimant's 2007 injury and dividing the remainder equally between his 1988 and 1995 injuries. Claimant now appeals.

We affirm. The Board's factual determination as to whether apportionment of a workers' compensation award is called for will be upheld if substantial evidence supports it (*see Matter of Altobelli v Allinger Temporary Servs., Inc.*, 70 AD3d 1083, 1084 [2010]; *Matter of Ford v Fucillo*, 66 AD3d 1066, 1067 [2009]). Here, the Board credited the opinion of Robert Durning, a board-certified orthopedic surgeon who examined claimant and opined that apportionment in the manner ultimately adopted by the Board was appropriate. Claimant's treating neurosurgeon further stated that claimant worked within limitations imposed following his compensable 1995 injury and that his 2007 injury only arose after new duties were imposed that "exceeded his known restriction level." Substantial evidence thus supports the Board's determination that "claimant's disability is in . . . part attributable to" his prior compensable injuries, and we will not disturb it (*Matter of Johnson v Feinberg-Smith Assoc.*, 305 AD2d 826, 828 [2003]; *see Matter of Rafferty v Four Corners, LLC*, 25 AD3d 840, 841 [2006]; *Matter of Huss v Tops Mkts., Inc.*, 13 AD3d 768, 769 [2004]).

Cardona, P.J., Spain, Kavanagh and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.