*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 28, 2016                    520783
_____

In the Matter of the Claim of
    ROBERT CAMPBELL,
                    Appellant,
        v

INTERSTATE MATERIALS CORPORATION          MEMORANDUM AND ORDER
    et al.,
                    Respondents.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____

Calendar Date:  December 15, 2015

Before:  McCarthy, J.P., Egan Jr., Lynch and Clark, JJ.

_____

        Law Offices of Joseph Romano, New York City (Joseph A.
Romano of counsel), for appellant.

        Weiss, Wexler & Wornow, PC, New York City (J. Evan Perigoe
of counsel), for Interstate Materials Corporation and another,
respondents.

_____

McCarthy, J.P.

        Appeal from a decision of the Workers' Compensation Board,
filed September 30, 2014, which, among other things, ruled that
claimant sustained a permanent partial disability.

        Claimant, who worked as an operating manager for Interstate
Materials Corporation, sustained injuries to his neck, back and
knees in August 2006 while operating an excavator when a large
bucket of sand was released on top of him causing him to be

buried up to his waist.  The Workers' Compensation Board eventually determined that claimant had a permanent marked partial disability resulting from the 2006 accident and awarded him benefits.  In April 2008, claimant sustained a second accident, injuring his lower back while lifting a heavy bucket, after which a Workers' Compensation Law Judge found that claimant had established a work-related injury.

Thereafter, a Workers' Compensation Law Judge ordered claimant to produce medical evidence of apportionment between the two injuries and directed the depositions of claimant's treating neurologist and the workers' compensation carrier's independent medical examiner (hereinafter IME).  After two unsuccessful attempts were made to depose the IME, in a December 2013 reserved decision, a Workers' Compensation Law Judge (hereinafter WCLJ) struck the IME's medical report from the record and found, given the absence of an extension request or sufficiently compelling reasons for the failure to timely produce the directed deposition transcript of the IME, that claimant forfeited his right to cross-examine the IME.  The WCLJ classified claimant with a permanent total disability and found that there was no basis for apportionment between the two injuries at issue, thereby attributing claimant's disability entirely to his 2006 injury.  Upon review, the Board found that the WCLJ improperly precluded the IME's medical report because statements were made on the record explaining that his absence was due to his hospitalization.  The Board also found, contrary to the WCLJ, that claimant should be classified as having a permanent partial disability and not a permanent total disability.  The Board also determined that claimant's disability was equally apportionable to each of claimant's two accidents.

We affirm.  Initially, we find no abuse of discretion in the Board's decision to consider the filed medical report of the IME despite the fact that claimant was not afforded an opportunity to depose him.  "A party clearly has the right to cross-examine medical experts" (Matter of Floyd v Millard Fillmore Hosp., 299 AD2d 610, 611 [2002] [citations omitted]; see Workers' Compensation Law § 13-a [4] [b]; 12 NYCRR 300.11 [c]), and, where "the carrier is at fault or has no excuse for failing to timely furnish its evidence [or IME], it is not an abuse of

discretion to preclude that evidence" or the IME's medical report absent extraordinary circumstances (Matter of Hutchins v Callanan Indus., 293 AD2d 902, 902 [2002]; see 12 NYCRR 300.10 [b], [c]; Matter of Hicks v Hudson Val. Community Coll., 34 AD3d 1039, 1040 [2006]). Here, however, where the record reflects that the IME was unavailable for the scheduled depositions due to an emergency surgery and extended stay in the hospital, and where claimant made no further attempt to depose the IME or to request an extension of time to do so, the Board did not abuse its discretion in proceeding to determine the claim on the existing evidence in the record (see 12 NYCRR 300.10 [b], [c]; cf. Matter of Patterson v Empire Blue Cross & Blue Shield, 23 AD3d 870, 871 [2005]; Matter of Hutchins v Callanan Indus., 293 AD2d at 902; Employer: Town Sports Intl. Inc., 2014 WL 344666, *2, 2014 Wrk Comp LEXIS 556, *5-6 [WCB No. 0016 3569, Jan. 24, 2014]).

Turning to the merits, claimant contends that the Board's determination that claimant has a permanent partial disability is not supported by substantial evidence. We cannot agree. It is well settled that "'[t]his Court accords great deference to the Board's resolution of issues concerning conflicting medical evidence and witness credibility, and the Board may accept or reject portions of a medical expert's opinion'" (Matter of Malerba v Ameron Global, Inc., 117 AD3d 1302, 1302-1303 [2014], quoting Matter of Williams v Colgate Univ., 54 AD3d 1121, 1123 [2008]). Here, although claimant's treating neurologist indicated that claimant sustained a permanent total disability as a result of his 2006 injury, the neurologist acknowledged that claimant did not exhibit atrophy or any sensory or reflex deficits and could participate in some degree of physical therapy. The neurologist also acknowledged that claimant is still capable of driving and dressing himself with some assistance. Indeed, the IME, who found that claimant had a permanent moderate to marked partial disability, noted that claimant, who had a gym membership, should participate in exercises, such as swimming or walking on a treadmill, to strengthen his joints and muscles and that claimant could return to a sedentary type of employment where he could sit and stand as needed during the course of the workday. As the Board was empowered to resolve the conflicting medical evidence in reaching its conclusion, we find that the Board's decision is supported by

substantial evidence and there is no basis upon which to disturb it (see Matter of LaClaire v Birds Eye Foods, Inc., 128 AD3d 1298, 1299 [2015]; Matter of Mearns v Sunoco, Inc., 77 AD3d 1045, 1046 [2010]).

As to claimant's contention that substantial evidence does not support the Board's determination to apportion his disability equally between the 2006 and 2008 injuries, "'[a]pportionment of a workers' compensation award is a factual issue for the Board to determine, and its decision will be upheld if supported by substantial evidence'" (Matter of Ford v Fucillo, 66 AD3d 1066, 1067 [2009], quoting Matter of Huss v Tops Mkts., Inc., 13 AD3d 768, 769 [2004]).  Apportionment "is appropriate where the medical evidence establishes that the claimant's current disability is at least partially attributable to a prior compensable injury" (Matter of Ford v Fucillo, 66 AD3d at 1067).  Here, the evidence reflects that, although claimant was experiencing cervical and lumbar pain after his 2006 injury, he missed no time from work prior to his 2008 injury, and, following that 2008 injury, claimant missed time from work due to his worsening symptoms, which included "severe restriction in range of motion" and "severe spasm[s]."  Accordingly, substantial evidence supports the Board's decision to apportion claimant's disability equally between the two injuries, and we decline to disturb that decision (see Matter of Ford v Fucillo, 66 AD3d at 1067; Matter of Huss v Tops Mkts., Inc., 13 AD3d at 769; Matter of McCloskey v Marriott Corp., 290 AD2d 671, 671-672 [2002]).

Egan Jr., Lynch and Clark, JJ., concur.


ORDERED that the decision is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court