Rose, J.
Appeal from a decision of the Workers’ Compensation Board, filed July 31, 2015, which ruled, among other things, that apportionment applied to claimant’s workers’ compensation award.
In 1993, while working in Connecticut for his then employer, claimant, a truck driver, sustained a compensable work-related injury to his back and ultimately underwent back surgery in 2003 and 2005. As a result of this injury, claimant did not work for approximately 2V2 years and was awarded a lump-sum payment in full satisfaction of his Connecticut workers’ compensation claim. In February 2006, claimant began working for Gro Max, LLC (hereinafter the employer) as a truck driver; however, in September 2007, claimant sustained a work-related injury to his back when the truck that he was operating tipped over while he was attempting to dump the truck’s load. Claimant’s subsequent claim for workers’ compensation benefits due to his September 2007 injury to his back was not disputed, and he received workers’ compensation benefits. Thereafter, the employer sought to equally apportion liability for the claim between claimant’s 1993 and 2007 injuries. Following a hearing regarding, among other things, *1490 the question of apportionment, a Workers’ Compensation Law Judge ultimately found that liability for the claim should be apportioned equally between claimant’s 1993 injury and his 2007 injury. Upon administrative review, the Workers’ Compensation Board upheld that determination. Claimant now appeals.
We affirm. Claimant contends that substantial evidence does not support the Board’s decision to apportion his disability equally between the injuries and that apportionment should not apply as a matter of law because he was working without restriction at the time that he was injured in September 2007. We disagree. “Apportionment of a workers’ compensation award is a factual issue for the Board to determine, and its decision will be upheld if supported by substantial evidence” (Matter of Campbell v Interstate Materials Corp., 135 AD3d 1276, 1278 [2016] [internal quotation marks, brackets and citations omitted]; see Matter of Morin v Town of Lake Luzerne, 100 AD3d 1197, 1197 [2012], lv denied 21 NY3d 865 [2013]). While “[Apportionment ‘is appropriate where the medical evidence establishes that the claimant’s current disability is at least partially attributable to a prior compensable injury’ ” (Matter of Campbell v Interstate Materials Corp., 135 AD3d at 1278, quoting Matter of Ford v Fucillo, 66 AD3d 1066, 1067 [2009]), “apportionment is inapplicable as a matter of law when the preexisting condition was not due to a compensable injury and the claimant was fully employed and capable of effectively performing his or her job duties notwithstanding the preexisting condition” (Matter of Levitsky v Garden Time, Inc., 126 AD3d 1264, 1264-1265 [2015] [internal quotation marks and citations omitted]; see Matter of Lattanzio v Consolidated Edison of N.Y., 129 AD3d 1343, 1343 [2015]).
Here, claimant testified that he sustained a compensable work-related injury in 1993 for which he received compensation in the form of a lump-sum payment in full satisfaction of his workers’ compensation claim. Although he testified that he was not actively receiving treatment for his back while he was working for the employer between February 2006 and September 2007, the record evidence reveals that, as a result of his surgeries in 2003 and 2005, claimant had plates and screws placed in his lumbar spine and thereafter developed moderate-to-severe and advanced degenerative disc changes. Valmore Pelletier, claimant’s physician who examined him in May and July 2008, testified that claimant’s spinal stenosis, degenerative changes and pain stemmed from the 1993 injury and that the 2007 injury was an aggravation of an underlying condition. *1491 While Pelletier opined that apportionment of liability for the claim should be 80% to the 2007 injury, Donald Davis, a physician who conducted an independent neurosurgical medical evaluation of claimant in May 2012 on behalf of the employer, concluded that the 1993 injury and subsequent surgeries in 2003 and 2005 were 50% responsible for claimant’s disability and that equal apportionment was appropriate because the 2007 injury was “clearly ... an exacerbation of [claimant’s] preexistant spinal condition” created by his prior injury and surgeries. Consistent with this conclusion, Govindlal Bhanu-sali, a physician who conducted an independent orthopedic examination of claimant in October 2007 and reviewed claimant’s medical history, also opined that equal apportionment between claimant’s two injuries was appropriate given the nature of his prior injury and surgeries. Accordingly, we find that substantial evidence supports the Board’s decision to apportion claimant’s disability equally between the two injuries, and we decline to disturb that decision (see Matter of Campbell v Interstate Materials Corp., 135 AD3d at 1278; Matter of Ford v Fucillo, 66 AD3d at 1067; cf. Matter of Huss v Tops Mkts., Inc., 13 AD3d 768, 769 [2004]; Matter of McCloskey v Marriott Corp., 290 AD2d 671, 671-672 [2002]). To the extent that claimant’s remaining contentions have not been addressed herein, they have been examined and found to be without merit.
Peters, P.J., Lynch, Devine and Mulvey, JJ., concur.
Ordered that the decision is affirmed, without costs.