Matter of Young v LP Transp. (2024 NY Slip Op 05617)

Matter of Young v LP Transp.

2024 NY Slip Op 05617

Decided on November 14, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 14, 2024

CV-23-1751
[*1]In the Matter of the Claim of Duane Young, Respondent,
v
LP Transportation et al., Appellants. Aim Integrated Logistics, Inc., et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:October 18, 2024

Before:Egan Jr., J.P., Clark, Ceresia, Powers and Mackey, JJ.

Law Offices of Melissa A. Day, PLLC, Amherst (Kristin M. Machelor of counsel), for appellants.
Cipriani & Werner, PC, Iselin, New Jersey (Brandon W. Sawyer of counsel), for AIM Integrated Logistics, Inc. and another, respondents.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for Workers' Compensation Board, respondent.

Clark, J.
Appeal from a decision of the Workers' Compensation Board, filed August 14, 2023, which ruled, among other things, that apportionment applied to claimant's workers' compensation award.
In 1971, claimant, a truck driver, was involved in a motor vehicle accident while driving a truck for LP Transportation, Inc. (hereinafter LPT); his injuries — which included a fracture dislocation of the T12 and L1 vertebrae and temporary paralysis — resulted in surgery, hospitalizations and about 14 months of lost time. The ensuing workers' compensation claim was ultimately established, and later amended, for injuries to the spine, head, ears, right leg, neck and bladder.[FN1] In July 2015, while working for AIM Integrated Logistics, Inc., claimant sustained injuries when he fell backwards and landed on his back, and his subsequent claim for workers' compensation benefits was established by a Workers' Compensation Law Judge (hereinafter WCLJ) for an injury to his lower back. Thereafter, claimant underwent evaluations for permanency, and, following a combined hearing on both the 1971 and 2015 claims, a WCLJ found that claimant had sustained a permanent total disability as a result of the 2015 work-related injury and that there was no basis for apportionment of the 2015 claim to the prior 1971 claim. Upon administrative review, the Workers' Compensation Board agreed that claimant has a permanent total disability but modified the decision of the WCLJ, finding that apportionment between the two claims was appropriate, with 80% to the 2015 claim and 20% to the 1971 claim. As the first medical opinion on apportionment was provided on February 10, 2022, the Board used that date as the effective date of apportionment. LPT and its workers' compensation carrier (hereinafter collectively referred to as the carrier) appeal, contending that the Board's apportionment of 20% to the 1971 claim was improper.
We affirm. "[A]pportionment of a workers' compensation award presents a factual issue for resolution by the Board, [and] its decision will be upheld when it is supported by substantial evidence" (Matter of Sanchez v STS Steel, 154 AD3d 1027, 1028 [3d Dept 2017]; see Matter of Diamond v Warren County Sheriff's Off., 206 AD3d 1411, 1412-1413 [3d Dept 2022]; Matter of Liebla v Gro Max, LLC, 148 AD3d 1489, 1490 [3d Dept 2017]). "Apportionment 'is appropriate where the medical evidence establishes that the claimant's current disability is at least partially attributable to a prior compensable injury' " (Matter of Campbell v Interstate Materials Corp., 135 AD3d 1276, 1278 [3d Dept 2016], quoting Matter of Ford v Fucillo, 66 AD3d 1066, 1067 [3d Dept 2009]).
Claimant testified that, following the 1971 work-related accident, it took him a year to recover from his injuries during which time he underwent multiple surgeries. Although claimant testified that, following his recovery, he returned to work as a truck driver until his 2015 injury with no restrictions or problems, he did require [*2]additional surgeries and continued to treat for back pain. As a result of spinal stenosis caused by his 1971 work-related accident, claimant underwent a laminectomy in 2010 — which was covered by the 1971 claim — and missed approximately a year of work while going through physical therapy before returning to work as a truck driver.
On February 10, 2022, Daniel Wild performed an independent orthopedic examination of claimant and reviewed his medical records, after which he, among other things, apportioned "20% to [the] pre-existing condition and 80% to [the] current [2015] injury." Similarly, in July 2022, Corine Cicchetti, claimant's treating physical and rehabilitative physician, evaluated claimant for permanency and found that claimant had reached maximum medical improvement. Regarding apportionment, Cicchetti noted that claimant's prior thoracic spine injury from 1971 left him with neurological deficits and impacted his overall permanent disability. Nevertheless, given that claimant was able to return to work for many years prior to the 2015 injury, Cicchetti opined that she would apportion 80% of claimant's current symptoms to claimant's 2015 injury and 20% to his 1971 injury. "Based upon the record and in view of the Board's entitlement to weigh the medical evidence and draw appropriate inferences therefrom" relative to apportionment (Matter of Ford v Fucillo, 66 AD3d at 1067 [internal quotation marks and citation omitted]), we find that the Board's decision to credit the above medical opinions on apportionment was supported by substantial evidence and we decline to disturb it (see Matter of Rafferty v Four Corners, LLC, 25 AD3d 840, 841 [3d Dept 2006]; Matter of Moore v St Peter's Hosp., 18 AD3d 1001, 1002 [3d Dept 2005]). The carrier's remaining contentions have been examined and lack merit.
Egan Jr., J.P., Ceresia, Powers and Mackey, JJ., concur.
ORDERED that the decision is affirmed, with costs.

Footnotes

Footnote 1: In April 1978, per stipulation of the parties, claimant was classified with a permanent partial disability. Claimant, however, continued to treat for his injuries, and the claim was reopened in 1982 pursuant to Workers' Compensation Law § 25-a. In 1985, the case was again closed with a permanent partial disability classification. In 1988, the claim was again reopened, and claimant underwent additional surgery and treatment. In 1990, the case was again closed with occasional treatment authorized.