Matter of Rodin v Department of Parks & Recreation (2025 NY Slip Op 07051)

Matter of Rodin v Department of Parks & Recreation

2025 NY Slip Op 07051

Decided on December 18, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 18, 2025

CV-24-0993
[*1]In the Matter of the Claim of Daphyne Rodin, Appellant,
vDepartment of Parks and Recreation et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:November 12, 2025

Before:Pritzker, J.P., Fisher, McShan, Powers and Mackey, JJ.

Ugalde & Rzonca, LLP, Rego Park (John F. Clennan, Ronkonkoma, of counsel), for appellant.

Mackey, J.
Appeals (1) from an amended decision of the Workers' Compensation Board, filed May 1, 2024, which ruled that claimant was not entitled to a schedule loss of use award, and (2) from a decision of said Board, filed July 15, 2024, which denied claimant's application for reconsideration and/or full Board review.
In 2014, claimant sustained a work-related injury to her left shoulder and established a workers' compensation claim. In 2022, claimant's treating orthopedic physician submitted a medical report in which he opined that claimant had reached maximum medical improvement and sustained a 7.5% schedule loss of use (hereinafter SLU) of her left shoulder. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) submitted a medical report from its orthopedic consultant, who opined, based upon an examination of claimant, that there is no SLU in regard to the left shoulder.
Given the differing medical opinions regarding claimant's SLU, a Notice of Proposed Conciliation decision, dated October 5, 2021, was issued encouraging the parties to come to an agreement but otherwise directing the parties to produce deposition transcripts within 90 days of the filing of said decision. That decision specifically noted that any request for an extension of time to file the deposition transcripts must be filed with the Workers' Compensation Board in the form of an affirmation or affidavit with copies to all parties and representatives prior to expiration of the 90-day period and advised that, in the absence of good cause shown as to why a deposition was not taken and transcript filed, the record could be closed and a decision rendered.
In November 2021, claimant issued a subpoena for deposition testimony of the carrier's orthopedic consultant scheduled on December 29, 2021. When neither the carrier nor its orthopedic consultant appeared at the deposition, claimant's counsel simply stated on the record that it was asking that the orthopedic consultant's medical report be precluded. The Workers' Compensation Law Judge, noting the absence of any medical deposition testimony, issued a decision based on the record as a whole and found that there was no SLU attributable to the left shoulder, which decision was affirmed by the Board. Following claimant's request for full Board review, the Board denied that request but issued an amended decision, filed May 1, 2024, to address the preclusion of the medical report of the carrier's orthopedic consultant, which the Board found was not warranted, and otherwise affirmed its finding that claimant's resolved left shoulder strain was not amenable to an SLU award. The Board, in a decision filed July 15, 2024, denied claimant's subsequent application for reconsideration and/or full Board review. Claimant appeals from both the May 2024 and July 2024 Board decisions.
We affirm. Claimant challenges the Board's refusal to preclude the medical report of the carrier's orthopedic consultant[*2], asserting that she was not afforded an opportunity to cross-examine the orthopedic consultant given that he did not comply with the subpoena for the deposition. Claimant's counsel made no request in the form of an affirmation or affidavit for an adjournment and/or an extension to obtain the orthopedic consultant's testimony prior to the 90-day deadline as directed by the Notice of Proposed Conciliation decision. Significantly, and despite whether the subpoena — which neither the Workers' Compensation Law Judge nor the Board directed issuance of — was properly served or provided sufficient notice to the orthopedic consultant of the deposition, claimant's counsel made no timely request for an extension as directed by the Notice of Proposed Conciliation nor made any additional efforts to obtain the orthopedic consultant's deposition testimony. As such, we find no abuse of discretion in the Board finding that claimant waived the right to cross-examine the orthopedic consultant and declining to preclude his subject medical report (see Matter of Bonitto v Vivid Mech. LLC, 231 AD3d 1222, 1225 [3d Dept 2024]; Matter of Campbell v Interstate Materials Corp., 135 AD3d 1276, 1277 [3d Dept 2016]).
Claimant's assertion that there was no obligation to enforce the subpoena through court action pursuant to 12 NYCRR 300.10 (c) in order to preclude such medical report is misplaced, as the basis for the Board's failure to preclude the subject medical report was the lack of reasonable efforts to timely request an extension for the purpose of rescheduling the orthopedic consultant's deposition. Claimant's remaining contention — that the Board abused its discretion in denying full Board review — has been reviewed and found to be without merit.
Pritzker, J.P., Fisher, McShan and Powers, JJ., concur.
ORDERED that the decisions are affirmed, without costs.